Hamms **HAMMETT**, Appellant,

v.

Linda **LEE**, Appellee.

No. 05–86–00373–CV.

Court of Appeals of Texas, Dallas.

April 15, 1987.

Rehearing Denied May 22, 1987.

Before HOWELL, LAGARDE and ROWE, JJ.

ROWE, Justice.

Hamms Hammett appeals from the trial court's decree dated December 20, 1985, terminating the parent-child relationship between him and his daughter and awarding his ex-spouse, Linda Lee, past due contractual alimony payments. In eight points of error, Hammett contends that the trial court erred in awarding Lee the alimony but does not contest the termination of the parent-child relationship. Hammett seeks relief in part under another judgment contained in the record, signed but undated, which dismisses Lee's alimony claim. While we cannot agree with this contention, we do agree with appellant's eighth point of error that the trial court erred in entering two conflicting final judgments. In the interest of justice, we vacate the two judgments and remand for a new trial.

To be final, a judgment must dispose of all parties and all issues and leave nothing in the suit for further decision except as necessary for carrying the decree into effect. *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984); *Starr v. Starr,* 690 S.W.2d 86, 88 (Tex.App.—Dallas 1985, no writ). The record reflects that all parties, including the guardian ad litem, reached an

---

5. In view of our holding, the State's argument that the Act is unconstitutional does not require discussion.

agreement terminating the parent-child relationship at a hearing held on September 23, 1985. The court approved the agreement and ordered that Hammett's parent-child relationship with his daughter be terminated. Thereafter, the only issue remaining for the court to decide was Lee's claim for past due contractual alimony.

■ The record before us contains two final judgments each making a disposition of the parties' remaining issue involving contractual alimony. One is signed by the trial judge and dated December 20, 1985; it grants judgment in favor of Lee for past due contractual alimony payments. The other is signed by the trial judge but is undated; it grants judgment for Hammett and dismisses Lee's actions with prejudice. While the trial judge has not responded to our order requesting certification of when the undated judgment was signed, the absence of the date of signing does not invalidate a judgment. TEX.R.CIV.P. 306a(2). Furthermore, the record does not indicate that either judgment vacates the other.

■ Unless otherwise specially provided by law, only one final judgment shall be rendered in any cause. *Crabtree v. Crabtree*, 627 S.W.2d 486, 487 (Tex.App.—Corpus Christi 1981, no writ); TEX.R.CIV.P. 301. After a final judgment has been entered in a cause, the entry of a second final judgment in the same case does not vacate the first, and if there is nothing to show that the first is vacated, then the second is a nullity. *Dickerson v. Mack Financial Corporation*, 452 S.W.2d 552, 555 (Tex.Civ. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.). However, since the record does not reflect the date of signing for one of the judgments, we cannot determine which judgment is final and which is a nullity. In the interest of justice, therefore, we vacate both judgments and reverse and remand this case for a new trial.