**Danny PALERMO, Relator,**

v.

**The Honorable Lamar McCORKLE, Respondent.**

No. C14–92–00201–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 24, 1992.

---

Lloyd Lunsford, South Houston, for appellant.

George Dana, Houston, for appellee.

Before JUNELL, PAUL PRESSLER and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Danny Palermo, relator, seeks a writ of mandamus to compel the Honorable Lamar McCorkle, Judge of the 133rd District Court, Harris County, to set aside his order which denies jurisdiction in a pending suit and thereby deprives relator of a new trial or an opportunity to appeal. Relator asserts that the result of respondent's order was to vacate a prior order by visiting Judge Oliver Kitzman which granted relator a new trial in the underlying suit tried before Judge Kitzman. We find that the trial court abused its discretion and conditionally grant the writ.

A brief procedural history is necessary to clarify the issues in this case. Relator originally filed a forcible entry and detainer action in the Justice Court against Bobbie Street, real party-in-interest, for non-payment of rent due under a lease contract. The court granted a judgment in favor of relator and Ms. Street appealed the judgment and filed a counter-suit for damages to her business in County Civil Court at Law Number 4, cause no. 428,422. Both parties signed Stipulations agreeing that Ms. Street would pay all delinquent rent and relator's attorney fees, pay future rent on time, and not exercise her lease renewal option. Relator agreed to visit the leased premises only on official business. The court entered a Final Judgment in favor of relator on March 22, 1984.

Ms. Street later filed another suit in the 133rd District Court alleging the same damages previously litigated and relator countered for damages to the leased premises, conversion and loss of rents. The trial court declared a mistrial in that case and upon re-trial before visiting Judge Kitzman, the jury awarded Ms. Street $160,000 in damages against relator. Relator filed a Motion for Judgment N.O.V. and To Disregard Jury Findings. Judge Kitzman overruled relator's motion and signed a Judgment in favor of Ms. Street on July 30, 1991. Relator subsequently filed his Original Motion for New Trial, Or In the Alternative, To Modify Judgment on August 27, 1991. In response thereto, Judge Kitzman signed an order on October 7, 1991, containing the following language:

On this the 7 day of Oct., 1991, came on to be considered by the Court Defendant/Cross–Plaintiff DANNY PALERMO's Original Motion for New Trial, Or In The Alternative, To Modify Judgment, Of DANNY PALERMO Defendant/Cross–Plaintiff and the arguments of all counsel herein; the Court is of the opinion that the same should be GRANTED; it is hereby

ORDERED, ADJUDGED AND DECREED that the jury findings in the above cause be and they are hereby set aside and the cause is returned to the docket of said Court to be set for trial.

SIGNED this 7 day of Oct., 1991.

On November 19, 1991, Ms. Street filed a Plea of Jurisdiction alleging that Judge Kitzman's October 7 order was insufficient to grant a new trial and, therefore, the judgment entered had become final and that the trial court had lost jurisdiction. On February 25, 1992, respondent, the regular judge of the concerned court, agreed and signed an order ruling that the trial court no longer had jurisdiction of this cause.

Relator argues that respondent's February 25 order, which was signed seven months after his timely Motion for New Trial was granted, resulted in a denial of his substantial rights to a new trial and because of appellate time constraints, cut

off his opportunity for appellate review. He contends that Judge McCorkle's order was arbitrary and prejudicial because the court heard no evidence in support of or in opposition to Ms. Street's Plea of Jurisdiction. He asserts that the order signed by Judge Kitzman granted him a new trial and should be enforced.

To issue writs of mandamus, we are guided by specific and narrow standards. We may issue all writs of mandamus which are agreeable to the principles of law regulating those writs. TEX.GOV'T CODE ANN. § 22.221(b) (Vernon 1988). Mandamus issues only to correct trial court actions where there has been a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A trial court clearly abuses its discretion if it reaches an arbitrary and unreasonable decision that amounts to a clear and prejudicial error of law. *Id.*

Ms. Street contends that Judge McCorkle properly denied jurisdiction because the underlying judgment in her favor had become final and the court no longer had plenary power over it. Judge Kitzman's order, she argues, was ineffective to grant a new trial because it failed to use specific words to set aside the judgment in her favor, and was, at best, ambiguous. Thus her judgment, she contends, became final on November 13, 1991, when the court's plenary power over the judgment ended. By implication, Judge Kitzman's order purporting to grant a new trial was of no effect and moot. Although she relies on several cases to support this contention, we believe these cases are easily distinguishable. She argues the present case is similar to that in *Balazik v. Balazik*, 632 S.W.2d 939 (Tex.App.—Fort Worth 1982, no writ), where the court of appeals reinstated the initial divorce judgment by concluding that the subsequent divorce judgment was a nullity because the court no longer had jurisdiction over the case. The reviewing court held that the trial court's plenary power expired because the prior trial court order had never vacated, set aside, modified, or amended the first divorce judgment; nor had it made a new trial determination within the allotted time period prescribed by The Rules of Civil Procedure. *Id.* at 941. In *Balazik*, the disputed trial court order merely declared that the court had jurisdiction of the parties and the subject matter; whereas Judge Kitzman's October 7 order here specifically states that the motion should be granted and that the cause be returned to the docket for trial.

Ms. Street also relies on *Hammett v. Lee*, 730 S.W.2d 350 (Tex.App.—Dallas 1987, writ dism'd w.o.j.), to support her allegation that the July 30, 1991, judgment became final the following November 13 because Judge Kitzman failed to use words in the October 7 order that specifically vacated his earlier judgment. We are not persuaded because the court in *Hammett* simply states that only one final judgment shall be rendered in any cause and that a second final judgment entry is a nullity unless it expressly sets aside the prior judgment. *Id.* at 351. We find Ms. Street's conclusions too hypertechnical. After considering all of the wording used by Judge Kitzman in the context of this case, we conclude that he sufficiently expressed his intent to grant a new trial. Although we note that the choice of the words "jury findings" instead of "judgment" is somewhat confusing, we find it clear from the specific words used by him returning the cause to the docket for trial that he intended to and did set aside the judgment and grant a new trial.

We concur with Ms. Street that the October 7 written docket entry which reads "Mtn. For New Trial granted", standing alone, cannot legally substitute for a written order granting a new trial; however, we find the docket entry is further buttressing evidence of Judge Kitzman's intention to set aside the previous judgment and order a new trial. *See Energo Int'l Corp.*

**890**

*v. Modern Indus. Heating,* 722 S.W.2d 149, 151 (Tex.App.—Dallas 1986, no writ). Considering it in conjunction with the judge's written order to return the cause to the docket for trial, we are convinced the judgment was set aside and a new trial was ordered.

 Ms. Street also alleges that the October 7 order was ambiguous because it failed to distinguish clearly whether the court was granting a new trial or alternatively modifying the judgment. Normally an order simply granting a motion which requests alternative relief must fail because it is inherently ambiguous; however, as stated, Judge Kitzman's wording indicates he intended a new trial rather than a modification. Reference to the motion supports our conclusion. Any assumption that he intended to modify the judgment to comport with the alternative pleading must fail because to modify the judgment pleaded alternatively in the motion itself, would have required that he specify a monetary amount in the order. He did not. To resolve any alleged ambiguities in judicial orders, we necessarily examine the relief requested in the motion on which the order is based. *See Philbrook v. Berry,* 679 S.W.2d 651, 654 (Tex.App.—Houston [1st Dist.] 1984, writ granted on other grounds). Since the alternative relief in the motion involved damages and none are reflected in the order, we conclude that Judge Kitzman granted only the new trial request.

For the aforementioned reasons, we find that Judge Kitzman, by the specific terms of his order, expressed sufficiently his intention to vacate the prior judgment and grant relator a new trial. To conclude otherwise would deprive relator of his constitutional rights to a trial or appeal. That we will not do. We find that respondent abused his discretion in ruling that his jurisdictional power had expired in the instant case. In essence, respondent's order denied relator his "day in court" by cutting off the possibilities of a new trial or any appellate review of the merits of the case.

We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate his order denying jurisdiction and to return the case to the docket for a new trial. We presume respondent will comply, and mandamus will issue only should he fail to do so.