Dale A. **FAULKNER**, M.D., Relator,

v.

The Honorable Thomas R. **CULVER**, III, Judge, Respondent.

No. D–3108.

Supreme Court of Texas.

March 24, 1993.

Rehearing Overruled May 19, 1993.

David A. Livingston, Dion C. Raymos, Houston, for relator.

Valorie W. Davenport, Houston, for respondent.

PER CURIAM.

In this original proceeding, Relator Dale Faulkner, M.D. (Faulkner) seeks a writ of mandamus directing the trial judge to vacate an order entered November 8, 1990 vacating summary judgment for Faulkner. Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this court conditionally grants the application for writ of mandamus.

In February 1988, Betty and Dan Krock (Krock) sued Dale Faulkner, M.D. (Faulkner) for medical malpractice. On December 15, 1989, Judge Charles Dickerson granted a take-nothing summary judgment. On January 15, 1990, Krock filed a motion for rehearing of the summary judgment and, in the alternative, motion for new trial. Judge Dickerson orally vacated the summary judgment at a hearing on March 1, 1990 and made a entry on the docket sheet to this effect. While Krock's attorney apparently tried to ascertain whether Judge Dickerson signed a written order to this effect, both a clerk in the Fort Bend County District Clerk's office and Judge Dickerson's secretary indicated that the order vacating the summary judgment had been signed but the case file was in the Judge's chambers and could not be retrieved. Judge Dickerson did not vacate the summary judgment by written order until November 8, 1990.

In December 1990, Judge Dickerson resigned and was replaced by Thomas Culver. Faulkner moved to vacate Judge Dickerson's November 8, 1990, order vacating the summary judgment. On April 1, 1992, Judge Culver ruled that Judge Dickerson's order was effective and the case would proceed to trial.

Faulkner argues that Judge Dickerson did not have plenary power when he signed the November 8, 1990 order vacating the summary judgment. We agree.

█ If a party moves for a new trial or to modify, correct, or reform a judgment[1], the trial judge has plenary power for thirty days after the motion for new trial is overruled. TEX.R.CIV.P. 329b. A motion for new trial or motion to modify, correct, or reform the judgment is overruled by operation of law seventy-five days after the judgment was signed. TEX. R.CIV.P. 329b(c). An order granting a new trial or modifying, correcting, or reforming a judgment must be written and signed. TEX.R.CIV.P. 329b(c); *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex.1980). A trial judge's oral pronouncement granting a motion for new trial or motion to modify, reform, or correct a judgment and a docket entry indicating that such motion was granted cannot substitute for a written order required by Rule 329b. *Clark & Co. v. Giles*, 639 S.W.2d 449, 450 (Tex.1982).

█ Judge Dickerson's oral pronouncement and docket entry vacating the summary judgment could not be substituted for a written order required by Rule 329b. *See Clark & Co. v. Giles*, 639 S.W.2d at 450. Since no written order was signed by Judge Dickerson within the required time, Krock's alternative motions were overruled by operation of law on February 28, 1990. The judgment became final 30 days later and the trial judge lost jurisdiction over the case. Therefore, the order of November 8, 1990, purporting to vacate the summary judgment is a nullity.[2]

---

1. Krock's motion for rehearing of the summary judgment was in substance a motion to modify, correct, or reform a judgment. *See* TEX. R.CIV.P. 329b.

2. However, our disposition of this cause does not necessarily foreclose other remedies available to the parties. *See Hanks v. Rosser*, 378 S.W.2d 31, 35 (Tex.1964); *Rund v. Trans East,*

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this court, without hearing oral argument, conditionally grants Faulkner's petition for writ of mandamus. The mandamus will only issue if the trial judge refuses to act in accordance with this opinion.

*Inc.,* 824 S.W.2d 713, 717 (Tex.App.—Houston

[1st Dist.] 1992, writ denied).