William L. THORPE, Appellant,

v.

David L. VOLKERT, Appellee.

No. 01–93–01025–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 25, 1994.

Roy L. Barnes, Norman T. Reynolds, Houston, for appellant.

Edmund L. Cogburn, Kevin Crawford, J.W. Beverly, Houston, for appellee.

Before MIRABAL, DUGGAN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

The main issue in this case is whether the trial court lost jurisdiction after the first trial, making the second trial and resulting judgment a nullity. We hold the trial court had jurisdiction to conduct the second trial, and we affirm the second judgment.

Appellee, David L. Volkert (plaintiff), brought a breach of contract suit against All–American Pavement Services, Inc., two officers of the corporation, and appellant William Thorpe (defendant Thorpe). On July 15, 1991, the trial court granted plaintiff's motion for interlocutory summary judgment against All–American, and the two corporate officers. Defendant Thorpe, a resident of California, filed a special appearance. The trial court overruled his special appearance on August 23, 1991.

Defendant Thorpe filed a first amended answer, which included a verified denial that he was liable in the capacity in which he was sued. Defendant Thorpe asserted that he had resigned as a director of All–American on December 16, 1988, five months before plaintiff and All–American entered into their agreement. Defendant Thorpe also sought a declaratory judgment that he was not a director of All–American at the time the agreement was executed, sanctions against plaintiff for filing a groundless lawsuit, and attorney's fees. Plaintiff filed special exceptions to this pleading, which the trial court denied.

A bench trial was held in November 1992 on one issue—whether defendant Thorpe had resigned as a director of All–American in December 1988. On December 10, 1992, the trial court signed a final judgment that plaintiff take nothing from defendant Thorpe, that defendant Thorpe take nothing from plaintiff, and granting plaintiff a final judgment against All–American and the two corporate officers.

Plaintiff filed a timely motion for new trial seeking to set aside the portion of the judgment in favor of defendant Thorpe. The trial court held a hearing on February 10, 1993, and orally granted plaintiff's motion. The trial court's docket sheet contains the notation, "M for New Trial Granted." However, the docket entry is unsigned and uninitialed; the trial court never signed a written order specifically granting plaintiff's motion for new trial.[1]

The same day that the trial court orally granted a new trial, defendant Thorpe paid a jury fee. Eight days later, on February 18, defendant Thorpe filed a motion for preferential setting, which reads in part:

Comes now [defendant Thorpe] ... and moves the Court for an order granting the above action preference and setting the same for trial at the earliest possible date....

This action is to determine the liability of the Defendant Thorpe as a director of All–American Pavement Services, Inc. before the execution of the contract made the basis of the Plaintiff's alleged cause of action. The defendant Thorpe is entitled to preference in setting for trial.

. . . .

The Defendant Thorpe has paid the required fee for a trial by jury and such trial will take no longer than three days.

Defendant Thorpe set the motion for hearing on March 4, 1993. On March 11, 1993, the

---

1. It is apparent from the record that both sides incorrectly assumed the trial court signed an order granting plaintiff's motion for new trial. The absence of such an order was discovered on appeal.

trial court signed an *"Agreed* Order Granting Motion for Preferential Setting" (emphasis added), which read in part:

[T]he matter of the Defendant William L. Thorpe's Motion for Preferential Setting having been presented to the Court and the Court having examined the facts and issues herein, the Court hereby grants said Motion and orders that this case be preferentially set for trial by jury on Wednesday, July 21, 1993 at 9:00 a.m.

Also on March 11, defendant Thorpe filed two pleadings: (1) an amended counterclaim in which he again sought a declaratory judgment that he was not a director of All–American when plaintiff and All–American executed their agreement, and that he was not a party to the agreement and therefore had no liability to plaintiff; and (2) a second amended answer that included a verified denial that he was liable in the capacity in which he was sued, and a claim that he was not a party to the agreement between plaintiff and All–American.

On April 27, defendant Thorpe filed a second amended counterclaim. On May 10, 1993, the trial court signed an order granting plaintiff's special exceptions to defendant Thorpe's counterclaim, and dismissing the counterclaim with prejudice.

In July 1993, the parties tried the case to a jury. The jury found in favor of plaintiff. On July 30, 1993, the trial court signed a final judgment that All–American, the two corporate officers, and defendant Thorpe were jointly and severally liable to plaintiff.

In his first point of error, defendant Thorpe asserts the trial court erred in entering the July 30, 1993, judgment, because the trial court lost its plenary power after the December 10, 1992, judgment became final by operation of law. In his second point of error, he asserts the trial court erred in entering the July 30, 1993 judgment because the trial court had already entered a final judgment dated December 10, 1992, it had not vacated the December 1992 final judgment, and the July 1993 judgment was therefore a nullity.

Defendant Thorpe relies upon TEX.R.CIV.P. 329b, which provides, in relevant part:

(c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

. . . .

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by written and signed order or by operation of law, whichever occurs first.

Defendant Thorpe contends that because the trial court did not sign a written order granting plaintiff's motion for new trial, the motion was overruled by operation of law on February 23, 1993, 75 days after the trial court signed the December 10, 1992, final judgment. He further asserts the trial court retained plenary power for an additional 30 days, during which it could vacate, modify, correct, or reform the judgment, and that its plenary power expired on March 25, 1993. Because the trial court lost its plenary power on March 25, defendant Thorpe argues, the trial court no longer had jurisdiction over this case and had no power to enter the July 30, 1993, final judgment.

■ The rule explicitly provides that an order granting a new trial or modifying, correcting, or reforming a judgment must be written and signed. TEX.R.CIV.P. 329b(c); *Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex.1993). A trial judge's oral pronouncement granting a motion for new trial or motion to modify, reform or correct a judgment and a docket entry indicating that such motion was granted cannot substitute for the written order required by rule 329b. *Faulkner,* 851 S.W.2d at 188.

■ We agree with defendant Thorpe that a trial court "cannot vacate a final judgment by oral pronouncement and entry on the court's docket sheet." However, we disagree with defendant Thorpe that the trial court

lost all plenary power over the December judgment on March 25, because we find that the "Agreed Order Granting Motion for Preferential Setting," signed by the trial court on March 11, 1993, while it had plenary power over the judgment, was sufficient to satisfy the requirements of rule 329b. The signed agreed order specifically *grants a new trial.*[2] *See Palermo v. McCorkle,* 838 S.W.2d 887, 889 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding) (specific words used by trial court returning cause to docket for trial made it clear trial court intended to and did set aside the judgment and grant a new trial; docket entry was further buttressing evidence of trial court's intention to set aside previous judgment and order a new trial).

We overrule defendant Thorpe's first two points of error.

In his third point of error, defendant Thorpe asserts the trial court erred in overruling his special appearance. Defendant Thorpe, a California resident, was a director of, and an investor in, All–American, a Texas corporation located and headquartered in Texas. He was also a director of another Texas corporation, Republic Resurfacing Corporation. Defendant Thorpe stated he attended only one All–American board meeting, held in Nashville, but the minutes of the organizational meeting of the board of directors of All–American reflect he was present at that Houston meeting. He stated he occasionally travelled to Texas to visit friends or on behalf of his employer. As a director of All–American, defendant Thorpe participated in the decision to enter into the contract that plaintiff sued on. Further, defendant Thorpe participated in other contractual negotiations on behalf of All–American. When the underlying contractual relationships began to deteriorate, defendant Thorpe wrote several letters, using an All–American letterhead reflecting the corporation's Houston address, attempting to settle the disputes, and threatening legal action.

■ A Texas court may exercise jurisdiction over a nonresident if two conditions are met. First, the Texas long-arm statute must authorize the exercise of jurisdiction. Second, the exercise of jurisdiction must be consistent with the federal and state constitutional guarantees of due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990); *Project Eng'g USA Corp. v. Gator Hawk, Inc.,* 833 S.W.2d 716, 721 (Tex.App.—Houston [1st Dist.] 1992, no writ).

■ Our long-arm statute authorizes the exercise of jurisdiction over those who "do business" in Texas. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1986). The statute lists particular acts that constitute doing business, but also provides that "other acts" of the nonresident may satisfy the "doing business" requirement. *Id.; Schlobohm,* 784 S.W.2d at 356–57. The Texas Supreme Court has held that the broad language of the long-arm statute's "doing business" requirement allows the statute to reach as far as the federal constitutional requirements of due process permit. *Schlobohm,* 784 S.W.2d at 357; *Project Eng'g USA,* 833 S.W.2d at 721. To determine whether those due process requirements have been met, we must determine (1) whether Thorpe has purposely established "minimum contacts" with Texas, and (2) if so, whether the exercise of jurisdiction comports with fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); *Schlobohm,* 784 S.W.2d at 357; *Project Eng'g USA,* 833 S.W.2d at 721.

■ If a defendant's activities in a forum are isolated or disjointed, jurisdiction is proper if the cause of action arises from a particular activity. In such cases, jurisdiction is said to be specific. *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984); *Schlobohm,* 784 S.W.2d at 357. Where the defendant's activities in the forum state are continuing and systematic, jurisdic-

---

**2.** We emphasize this was an "agreed order," approved by counsel for defendant Thorpe and plaintiff. The order granted *defendant Thorpe's* motion that a new trial date be set for *a jury* to decide *the same issues that had been decided in the first trial.* Although the March 11, 1993, order is not a written order "granting *plaintiff's* motion for new trial," it is still a written order specifically granting a new trial, signed within the 30–day plenary power period, and therefore is effective to maintain jurisdiction in the trial court.

tion may be proper without a relationship between the defendant's particular act and the cause of action. In these cases, jurisdiction is said to be general. *Helicopteros*, 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9; *Schlobohm*, 784 S.W.2d at 357. The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must justify the conclusion that the defendant should have reasonably anticipated being called into court in Texas. *Schlobohm*, 784 S.W.2d at 357.

■ Where specific jurisdiction is asserted, the minimum contacts analysis is somewhat narrow, focusing on the relationship between the defendant, the forum, and the litigation. *Helicopteros*, 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9; *Schlobohm*, 784 S.W.2d at 357. Where general jurisdiction is asserted, the minimum contacts inquiry requires a showing of substantial activities in the forum, not just isolated and sporadic activity. *Schlobohm*, 784 S.W.2d at 357; *Project Eng'g USA*, 833 S.W.2d at 722.

■ At the hearing on his special appearance, defendant Thorpe, as the nonresident defendant, had the burden of proof to negate all bases of personal jurisdiction. *Kawaski Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex.1985). On this appeal, we review the record to determine if defendant Thorpe negated every possible ground for personal jurisdiction. *Project Eng'g U.S.A.*, 833 S.W.2d at 719; *General Elec. Co. v. Brown & Ross Int'l Distrib., Inc.*, 804 S.W.2d 527, 529–30 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ From a review of the record, we conclude the trial court did not abuse its discretion when it found defendant Thorpe had sufficient continuous and systematic contacts with Texas to establish general jurisdiction. Defendant Thorpe was an investor, stockholder, director, advisor, and negotiator for All–American. His correspondence in connection with the contracts related to this litigation—on stationary bearing the All–American letterhead and Houston address—also reflects he was actively involved in the business. Additionally, he was a director of another Texas corporation. He visited Texas

and maintained regular communications with Texas citizens. We conclude his contacts with this state were sufficient to subject him to the jurisdiction of a Texas court, and that the assertion of jurisdiction comports with fair play and substantial justice. *See Schlobohm*, 784 S.W.2d at 359. Accordingly, we overrule defendant Thorpe's third point of error.

We affirm the judgment.