The ESTATE OF William Michael TOWNES, Deceased, Relator,

v.

The Honorable Mike WOOD, Judge of Probate Court Number Two of Harris County, Respondent.

No. 01–96–00875–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1996.

Jerry S. Payne, Robert C. Shaddox, Houston, for relator.

William S. Chesney, Lloyd H. Wright, Houston, for respondent.

Before SCHNEIDER, C.J., and HUTSON-DUNN, O'CONNOR, HEDGES and TAFT, JJ.

## EN BANC OPINION

SCHNEIDER, Chief Justice.

After the respondent, Judge Mike Wood, signed a final judgment in this case, the relator, the defendant, filed a motion for new trial. Judge Wood (a) orally granted the relator's motion for new trial, on the record; (b) made and initialed a docket sheet entry that stated "MNT granted"; and (c) signed an order setting the case for trial. There is no indication that an order setting aside the final judgment was signed or that the parties agreed to the trial setting.

Under Texas Rule of Civil Procedure 329b(c), if a motion for new trial is "not determined by written order signed within seventy-five days after the judgment was signed," the motion for new trial is overruled by operation of law. The trial court loses plenary power 30 days after a motion for new

trial has been overruled. Tex.R. Civ. P. 329b(e). It is undisputed that the expiration of these time periods ended this case if the trial court did not grant the defendant's motion for new trial "by written order."

Judge Wood, apparently convinced that he no longer had jurisdiction, refused to sign any further orders or take any further action in the case. When the real party in interest, the plaintiff, took steps to execute on the trial court's judgment, the defendant initiated this mandamus proceeding.

Neither the trial court's act of orally granting the defendant's motion for new trial on the record nor the docket sheet entry—nor the two together—are sufficient to constitute a "written order" under rule 329b(c). *Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex.1993, orig. proceeding) (per curiam). The issue here is whether the oral granting of the motion for new trial, plus the docket sheet entry, plus the *additional* act of signing an order setting the case for trial, when considered together, satisfy rule 329b(c). We hold they do not.

*Faulkner* plainly requires that "[a]n order granting a new trial ... be written and signed." 851 S.W.2d at 188 (citing Tex.R. Civ. P. 329b(c)). There is no written, signed order in this case that grants the defendant's motion for new trial. The written, signed order setting the case for trial is not a substitute for a written, signed order granting a motion for new trial because the order setting the case for trial does not adjudicate the merits of the motion for new trial. Until the merits of the motion for new trial are adjudicated, and the motion granted, any trial date is meaningless. Obviously, no trial will be necessary unless the motion for new trial is first found to have merit.

A written, signed order setting the case for trial merely adds one more item that does not, taken by itself or in conjunction with the oral granting of a new trial and the docket sheet entry, constitute a written, signed order adjudicating the merits of the defendant's motion for new trial. *Cf. Cortland*

*Line Co. v. Israel,* 874 S.W.2d 178, 182–83 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (holding that oral granting of motion for new trial, plus notation of granting on docket sheet, plus signing of order setting a hearing, did not amount to granting of motion for new trial). It does not free this case from the terms of *Faulkner* or rule 329b(c).

The relator argues that *Faulkner* does not apply because in that case, the trial court did not sign *any* written order within its jurisdictional time limits, unlike here, where Judge Wood signed the order setting the case for trial within the time limits. We find no significance in this distinction. *Faulkner* does not state that if the trial court signs an order setting a date for an anticipated future event in the case before losing jurisdiction, the order automatically constitutes a written determination that a new trial should be granted. The question is whether the trial court signed an order *determining the merits of the motion for new trial* before losing jurisdiction.[1] It did not.

The relator also contends that the signed order setting the case for trial itself satisfies rule 329b(c), citing *Thorpe v. Volkert,* 882 S.W.2d 592 (Tex.App.—Houston [1st Dist.] 1994, no writ), and *Palermo v. McCorkle,* 838 S.W.2d 887 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). Both cases, however, are distinguishable.

In *Thorpe,* the trial court signed a judgment that the plaintiff take nothing from the defendant, Thorpe, and that Thorpe take nothing from the plaintiff. 882 S.W.2d at 594. After the plaintiff moved for new trial, the trial court orally granted the plaintiff's motion and someone noted on the docket sheet that the motion for new trial was granted. *Id.* The trial court did not sign an order granting the plaintiff's motion for new trial. *Id.*

However, on the same day, *the defendant* paid a jury fee and filed a motion for preferential setting, asking for "the earliest possible" trial date. 882 S.W.2d at 594. The

---

1. If the relator's argument is correct, then *Cortland Line Company* was wrongly decided, because the combination of the oral granting of the motion for new trial, plus the notation of the granting on the docket sheet, plus the signing of an order setting a future hearing, would have been enough to satisfy rule 329b(c).

defendant then joined the plaintiff in an " *Agreed* Order Granting Motion for Preferential Setting," which the trial court signed. *Id.* at 595 (emphasis added).

We held that rule 329b was satisfied, but we stressed the unique fact that the *defendant* also pursued the granting of a new trial in the case:

> We emphasize this was an "agreed order," approved by counsel for defendant Thorpe.... The order granted *defendant Thorpe's* motion that a new trial date be set for *a jury* to decide *the same issues that had been decided in the first trial.*

882 S.W.2d at 596. The unique facts that controlled *Thorpe* clearly are not present here.

In *Palermo,* the trial court's order quite plainly determined the merits of the motion for new trial. The order stated:

> On this the 7 day of Oct., 1991, came on to be considered by the Court Defendant/Cross–Plaintiff DANNY PALERMO's Original Motion for New Trial ... and the arguments of all counsel herein; the Court is of the opinion that the same should be GRANTED....

838 S.W.2d at 888.

*Charles L. Hardtke, Inc. v. Katz,* 813 S.W.2d 548 (Tex.App.—Houston [1st Dist.] 1991, no writ), is also distinguishable. That case concerned the validity of the reinstatement of a case after dismissal when the record did not show that the dismissed party ever knew about the dismissal or reinstatement. *Id.* at 550. We specifically pointed out that the case had nothing to do with a motion for new trial or rule 329b: "Rule 329b does not apply here because no motion for new trial was ever filed." *Id.*

The oral granting of the motion for new trial, plus the docket sheet entry, plus the additional act of signing an order setting the case for trial, when considered together, do not satisfy rule 329b(c). We therefore hold that Judge Wood lost jurisdiction over the case. Accordingly, leave to file was improvi-

dently granted. We withdraw our July 18, 1996, order granting leave to file, and deny the relator's motion for leave to file a petition for writ of mandamus.[2]

MIRABAL, J., dissents in an opinion which COHEN, WILSON, and ANDELL, JJ., join.

MIRABAL, Justice, dissenting.

Relator seeks mandamus relief to compel respondent to withdraw his ruling that he has continuing jurisdiction over the underlying litigation. I would grant leave to file, because I am of the opinion that relator is entitled to the relief requested.

Respondent Judge Wood signed a final judgment on August 8, 1995. After that, relator timely filed a motion for new trial. On October 20, 1995, respondent timely (a) orally granted relator's motion for new trial, on the record; (b) made and initialed a docket sheet entry "MNT granted"; and (c) signed a docket control order, setting the case for trial on December 18, 1995. On December 7, 1995, at a pre-trial conference, the real party in interest asserted the trial court no longer had jurisdiction over the case, because respondent had not granted the motion for new trial in a written order, as required by Tex.R. Civ. P. 329b(c). The real party in interest reasoned that, in the absence of a signed order granting the motion for new trial, the motion was overruled by operation of law on Monday, October 23, 1995,[1] and the trial court lost plenary power 30 days later, on Wednesday, November 22, 1995. The statement of facts shows that respondent was persuaded by that reasoning, and therefore refused to sign any further orders or take any further action in the case.

Neither the trial court's act of orally granting relator's timely motion for new trial on the record, nor its docket sheet entry, nor the two together, are sufficient to constitute a "written order" under rule 329b(c). *Faulkner v. Culver,* 851 S.W.2d 187 (Tex.1993) (per curiam). In the present case, however, the

---

2. We note that our resolution of this mandamus proceeding does not leave the relator without a remedy. *See Faulkner,* 851 S.W.2d at 188 n. 2.

1. Because the 75th day after August 8, 1995, was Sunday, October 22, 1995, the 75–day period was extended one day under Tex.R. Civ. P. 4.

trial court *additionally* and *simultaneously* signed an order that set a new trial date for the case. In my opinion, in context, the signed order setting the case for trial was sufficient to satisfy the requirements of rule 329b(c).[2] *See Thorpe v. Volkert,* 882 S.W.2d 592, 595–96 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Palermo v. McCorkle,* 838 S.W.2d 887, 889–90 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); *Charles L. Hardtke, Inc. v. Katz,* 813 S.W.2d 548, 550–51 (Tex.App.—Houston [1st Dist.] 1991, no writ).[3]

Accordingly, the trial court continues to have jurisdiction of this case, and relator is entitled to the relief requested.

---

**2.** Rule 329b(c) reads:

In the event an original ... motion for new trial ... is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

**3.** When all three relevant events that occurred in this case are taken together, they sufficiently indicate that the trial court granted a new trial. While this conclusion is not necessarily mandated by *Thorpe, Palermo* and *Hardtke,* it is certainly consistent with the reasoning and holdings of these three opinions.