39 S.W.3d 688 (2001)
In The Interest OF J.H., A Child.
No. 01-99-00875-CV.
Court of Appeals of Texas, Houston (1st Dist.).
February 8, 2001.
*689 Brian J. Fischer, Houston, for Appellant.
Michael P. Fleming, Sandra D. Hachem, Houston, for Appellee.
Panel consists of Justices MIRABAL, NUCHIA, and PRICE.[*]

OPINION
MIRABAL, Justice.
This is a parental rights case. Following a jury trial, the trial court entered a judgment on May 19, 1999, terminating the parents' rights to their son, J.H. The mother, Charlene Bauter, appeals that judgment, arguing that the trial court erred in admitting testimony by a caseworker, and that the evidence is factually insufficient to support the termination.[1]
The Texas Department of Protective and Regulatory Services (TDPRS) asserts that we do not have jurisdiction to hear this appeal because the trial court had no jurisdiction when it signed the appealed-from judgment. The issue arises because the trial court held two trials and entered two judgments, but did not sign a written order that specifically granted the motion for new trial after the first trial.
The granting of a new trial must be accomplished by a timely written order; an oral pronouncement and a docket entry are not sufficient to grant a motion for new trial. TEX.R.CIV.P. 329b(c); Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex.1993); Estate of Townes v. Wood, 934 S.W.2d 806, 807 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding) (en banc, 5-4 decision). Therefore, we must determine whether the trial court satisfied the writing requirements of Rule 329b while it had jurisdiction over the first judgment. See Thorpe v. Volkert, 882 S.W.2d 592, 595-96 (Tex.App.-Houston [1st Dist.] 1994, no writ) (holding an agreed order, signed by the trial court, was a sufficient writing because it granted a motion that a new trial date be set for a jury to decide same issues that had been decided in first trial).
In the present case, the first trial was a bench trial held April 15-16, 1998, before a master. On May 26, 1998, the trial court signed its "Decree for Termination," comprised of the master's findings and recommendations, plus the trial court's adoption and approval of the master's findings and recommendations.
On June 1, 1998, the mother filed a timely motion for new trial; on June 19, 1998, she filed a timely first amended motion for new trial. Because the mother filed a timely motion for new trial, the trial court maintained plenary jurisdiction for 30 days after the motion was denied by the court in writing or by operation of law. TEX.R.CIV.P. 329b(e). If a court fails to sign a written order ruling on the motion, it is overruled by operation of law 75 days after the judgment is signed. TEX.R.CIV.P. 329b(c). Thus, at most, if the trial court failed to sign a written order on the motion for new trial resulting in its being overruled *690 by operation of law, its plenary power expired 105 days after it signed the May 26, 1998 judgment. Here, Tuesday, September 8, 1998 was the 105th day after the trial court signed the judgment. See TEX.R.CIV.P. 4.
The June 19, 1998 first amended motion for new trial includes a notice that a hearing on the motion was set for June 24. There is no reporter's record of the hearing. The record includes only the following writings dated on or before September 8, 1998 that are specific to the granting of the new trial:
1. A hand-written docket entry, dated June 24, 1998, reflects that the trial court granted a new trial, as follows:
6/24/98 Motion for new trial granted as to 2A.[2] [Undecipherable] 9-21-98 for jury trial
The docket entry is not signed or initialed.[3]
2. The first amended motion for new trial includes the following hand-written entry in the bottom margin of the last page:
2A granted [as] to 2A only.
This entry is unsigned and undated.
3. On June 26, 1998, the mother's attorney paid a jury fee to the district clerk.
After September 8, 1998, there were motions for continuance, notices of trial settings, and signed orders setting the case for trial. A jury trial was held in May 1999.
None of the writings filed before September 8, 1998 satisfy the Rule 329b requirements because not one is a written and signed order granting the motion for new trial. See TEX.R.CIV.P. 329b(c); Faulkner, 851 S.W.2d at 188; Estate of Townes, 934 S.W.2d at 807. The remaining writings were filed after September 8, 1998, when the trial court had lost its plenary jurisdiction, and cannot be considered. The jury trial was held May 12-14, 1999, again after the critical date.
Accordingly, we hold that because the trial court did not sign a written order granting a new trial during the period when the trial court had jurisdiction, the May 26, 1998 termination decree became a final judgment. That judgment was not appealed. The trial court had no jurisdiction when it conducted the second trial and entered the May 19, 1999 judgment that appellant is attempting to appeal. There is nothing to review.
We note the obvious inequity caused by the Rules in this termination of parental rights case. The trial judge recognized the parent had a right to a jury trial and clearly granted the motion for new trial that complained about the denial of a jury trial. Even though the record is crystal clear that the judge granted a new trial, the absence of a written order has deprived a parent in a termination case of a proper jury trial and appellate review. In 1997, the Rules were amended to allow appellate review of trial court rulings even when the judge did not expressly rule; "implicit" rulings are now sufficient to preserve a complaint for appellate review. See TEX.R.APP.P. 33.1(a)(2)(A). However, this rule change does not help appellant because she is not appealing an "implicit" ruling. We note that very recently the Texas Supreme Court changed the Mafrige rule[4] that for years had operated as a trap for unwary litigants; Mother Hubbard has now been locked in the cupboard.[5]See Lehmann v. Har-Con Corp., 44 Tex. Sup. Ct. J. 364, 376, 39 S.W.3d 191, *691 194 (2001). Likewise, the current case cries out for a rule change to prevent the recurrence of the inequitable result we are compelled to reach here.
We dismiss this appeal for lack of jurisdiction.[6]
NOTES
[*] The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.
[1] The father is not a party to this appeal.
[2] Paragraph 2A of the first amended motion for new trial complained that the trial court erred in denying a jury trial.
[3] The docket, as a whole, includes several different handwritings.
[4] See Mafrige v. Ross, 866 S.W.2d 590 (Tex.1993).
[5] This fate for Mother Hubbard was proposed earlier in Harris County Flood Control Dist. v. Adam, 988 S.W.2d 423, 427-28 (Tex.App.-Houston [1st Dist.] 1999, pet. filed) (Taft, J., concurring in denial of rehearing en banc).
[6] We note that our disposition of this cause may not necessarily foreclose other remedies available to appellant. See Faulkner 851 S.W.2d at 188-89, n. 2.