**DISMISS; Opinion Filed October 13, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00799-CV

## IN THE INTEREST OF E.H. AND K.H., CHILDREN

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-56179-2011**

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Justice Stoddart

Ernan Haruvy appeals the trial court's order granting summary judgment. Upon review of the clerk's record, it appeared that no notice of appeal was timely filed. By letter dated August 27, 2015, we notified the parties that we questioned our jurisdiction over the appeal and requested jurisdictional briefing from the parties. We have received responses to our jurisdictional inquiry from both parties, and neither party asserts that this Court has jurisdiction.

The trial court granted summary judgment by order dated October 28, 2014. The order states that it is a "final judgment on the merits on all issues." Both appellant and appellee filed motions to modify, correct or reform the trial court's judgment. The court held a hearing on January 7, 2015, and issued an oral ruling modifying the order granting summary judgment to include a $5,000 award to appellee of attorney's fees and a finding granting summary judgment on traditional grounds. The record includes a January 7, 2015 "General Docket Entry" that states "M/Modification of Judgment. Rulings on the record. OTBFC." The trial court signed its

corrected order granting the first amended motion for summary judgment on April 2, 2015. Appellant filed a motion for new trial on April 13, 2015.

A judgment issued without a conventional trial is final for purposes of appeal if it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). In the event a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). The trial court retains plenary power to modify, correct, or reform a judgment until thirty days after such timely-filed motions are overruled, either by a written and signed order or by operation of law. *See* TEX. R. CIV. P. 329b(e), (g).

The October 28, 2014 order granting summary judgment was final because it expressly stated that it was a "final judgment on the merits on all issues." The motions to modify, correct, or reform the judgment were overruled by operation of law because the trial court did not sign a written order within seventy-five days after the order granting summary judgment was signed. Neither the general docket entry nor the oral order of the trial court, either individually or taken together, were sufficient to constitute the required "written order" granting either appellant or appellee's motion to modify, correct, or reform the judgment. *See Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993, orig. proceeding) (per curiam); *see also Estate of Townes v. Wood*, 934 S.W.2d 806, 807 (Tex. App.–Houston [1st Dist.] 1996, no writ). Because the trial court did not sign a written order by January 11, 2015—seventy-five days after the October 28, 2014 order granting summary judgment—both appellant's and appellee's motions were overruled by operation of law on January 11, 2015. The trial court had plenary power to grant a motion to vacate, modify, correct, or reform the judgment until thirty days after such motions were overruled by operation of law; however, the trial court's plenary power expired on February 10,

2015—thirty days after January 11, 2015. Because the trial court signed its corrected order granting the first amended motion for summary judgment on April 2, 2015, the trial court acted outside its plenary power and thus the April 2 order is void. This leaves the October 28, 2014 order as the final judgment of the trial court, and no party filed a timely notice of appeal from that judgment. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Because the parties did not file a timely notice of appeal from the October 28, 2014 order granting summary judgment, this Court lacks jurisdiction over the appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

150799F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF E.H. AND K.H., CHILDREN

No. 05-15-00799-CV

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-56179-2011.
Opinion delivered by Justice Stoddart. Chief Justice Wright and Justice Lang-Miers participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

It is **ORDERED** that appellees FANG WU and OFFICE OF THE ATTORNEY GENERAL - CHILD SUPPORT DIVISION recover their costs of this appeal from appellant ERNAN HARUVY.

Judgment entered this 13th day of October, 2015.