Opinion issued August 29, 2024



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-23-00805-CV

_____

**MICHAEL PALMA, Appellant**

**V.**

**STERLING ASSOCIATION SERVICES, INC, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-60235**

---

## MEMORANDUM OPINION

This appeal arises from a dispute between Appellant Michael Palma and Appellee Sterling Association Services, Inc. over Sterling's authority to enforce covenants and restrictions against Palma's property. After the trial court dismissed Palma's claims against Sterling with prejudice, Palma filed a motion to reinstate

which the trial court construed as a motion for new trial. Although the trial court orally granted the motion, no written order was issued. In response to various motions Palma filed after the hearing on his motion for new trial, Sterling filed an objection to jurisdiction in which it argued that the trial court's plenary power had expired. After a hearing on Palma's motions, the trial court issued an order sustaining Sterling's objection to jurisdiction. This appeal followed.

We dismiss Palma's appeal for lack of jurisdiction.

## Background

Palma, acting pro se, sued Sterling for tortious interference with a contract and invasion of privacy in relation to a property, which Palma purports to own, located in the Candlelight Oaks Village Subdivision. Sterling is the management company for Candlelight Oaks Village Maintenance Fund, Inc., the homeowners' association for the property. As Palma has done in prior lawsuits against Candlelight Oaks and its management companies, he alleged that the homeowners' association's imposition of covenants, restrictions, and subsequent fees for violating them unconstitutionally interfered with the 1848 patent by which his predecessor-in-title acquired the property from the State of Texas.[1] He further argued that compliance

---

[1] Palma has filed several prior lawsuits challenging the collection of property taxes and homeowners' association fees. *See, e.g.*, *Palma v. Harris Cnty. Appraisal Dist.*, No. 21-20402, 2021 WL 8566012, at *1 (5th Cir. Dec. 6, 2021) (dismissing appeal as frivolous); *Palma v. Texas*, No. 4:21-CV-1210, 2021 WL 5040415, at *1–3 (S.D. Tex. Oct. 22, 2021), *adopted*, 2021 WL 5043094 (dismissing for lack of subject-

letters from the association constituted harassment and he sought non-economic and exemplary damages as well as declaratory and injunctive relief.

Sterling filed a Rule 91a motion to dismiss Palma's claims which Sterling argues have no basis in law or fact.[2]  On April 6, 2023, the trial court granted

matter jurisdiction); *Palma v. Texas*, No. H-18-CV-4561, 2019 WL 2524933, at *1–2 (S.D. Tex. Apr. 3, 2019), *adopted*, 2019 WL 2524921 (dismissing for failure to prosecute); *Palma v. Luker*, No. H-18-0335, 2019 WL 1330332, at *1–4 (S.D. Tex. March 25, 2019) (dismissing for lack of subject matter jurisdiction); *Palma v. Genesis Cmty. Mgmt., Inc.*, No. H-18-124, 2018 WL 2289341, at *1 (S.D. Tex. May 18, 2018) (dismissing Palma's suit with prejudice); *In re Palma*, No. 01-19-00471-CV, 2019 WL 3293691, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2019, orig. proceeding) (mem. op.); *Palma v. Harris Cnty. Appraisal Review Bd.*, No. 01-17-00705-CV, 2018 WL 3355052, at *1–2 (Tex. App.—Houston [1st Dist.] July 10, 2018, pet. denied) (mem. op.) (affirming trial court's order granting appraisal review board's plea to jurisdiction); *Palma v. Harris Cnty. Appraisal Dist.*, No. 01-17-00502-CV, 2018 WL 1473792, at *1–2 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, pet. denied) (mem. op.) (affirming trial court's order granting appraisal district's motion for summary judgment); *Palma v. Houston Indep. Sch. Dist.*, No. 01-07-00898-CV, 2013 WL 2146709, at *4 (Tex. App.—Houston [1st Dist.] May 16, 2013, no pet.) (mem. op.) (affirming trial court's judgment awarding school district overdue property taxes); *In re Palma*, No. 01-12-00631-CV, 2012 WL 3135672, at *1 (Tex. App.—Houston [1st Dist.] Aug. 2, 2012, orig. proceeding); *In re Palma*, No. 14-05-01221-CV, 2005 WL 3435256, at *1 (Tex. App.—Houston [14th Dist.] Dec. 15, 2005, orig. proceeding) (mem. op.).

The Fourteenth Court of Appeals recently affirmed the trial court's dismissal of the exact same claims as Palma raised against Sterling in the present case.  *Palma v. Gen. Land Office of Tex.*, No. 14-22-00350-CV, 2023 WL 5217768, at *1–*2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2023, pet. denied) (mem. op.) (affirming trial court's dismissal of Palma's claims that charging homeowners' association fees violated his constitutional rights and tortiously interfered with his property rights).

[2]  Under Texas Rule of Civil Procedure Rule 91a.1, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact."  TEX. R. CIV. P. 91a.1.

Sterling's motion, dismissed Palma's claims with prejudice, and ordered Palma to pay Sterling's attorney's fees.

Palma filed a timely post-judgment "Motion to Reinstate" and the trial court held a hearing on the motion on May 9, 2023. Based on the contents of the motion, and because the case had not been dismissed for want of prosecution, the trial court construed Palma's motion to reinstate as a motion for new trial. *Compare* TEX. R. CIV. P. 165a (allowing motions to reinstate following dismissal for want of prosecution), *with* TEX. R. CIV. P. 320, 329b (addressing post-judgment motions for new trial). Although the trial court orally stated during the hearing that it would grant the motion for new trial, the trial court never issued a written, signed order granting Palma's motion.

Three months later, on August 8, 2023, Palma filed a motion for traditional and no evidence summary judgment and a motion to compel discovery. In response to Palma's motions, Sterling filed an objection to the trial court's jurisdiction in which it argued that, because the trial court had not signed an order granting Palma's motion for new trial, the motion had been overruled by operation of law on June 20, 2023, and the trial court had lost plenary power on July 20, 2023. Nonetheless, Palma continued filing motions after this date. On September 22, 2023, the trial court held a hearing on Palma's motions, and after hearing the parties' arguments,

4

the court signed an order sustaining Sterling's objection to the trial court's jurisdiction.

On October 2, 2023, Palma filed a notice of appeal.

**Trial Court's Jurisdiction**

Sterling filed a motion to dismiss this appeal for lack of jurisdiction. It argues this Court lacks jurisdiction over Palma's appeal because Palma failed to file a timely notice of appeal from the trial court's final judgment disposing of his claims and the order sustaining Sterling's objection to jurisdiction is not an appealable final order or an appealable interlocutory appeal.

A final judgment or other appealable interlocutory order is a prerequisite to appellate jurisdiction. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.). So is the timely filing of a notice of appeal. *See* Tex. R. App. P. 25.1(c); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (stating timely filing of notice of appeal is jurisdictional prerequisite). If a party fails to file a timely notice of appeal, we lack jurisdiction to address the merits of that party's appeal and must dismiss the appeal. *See* Tex. R. App. P. 25.1(b); *see also In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (stating without timely notice of appeal, appellate court

lacks jurisdiction over appeal).  Because this Court's jurisdiction is a threshold issue, we must address it first.  *Jack M. Sanders Family Ltd. P'ship*, 434 S.W.3d at 240.

## A.    Standard of Review & Applicable Law

Generally, appellate courts only have jurisdiction over appeals from final judgments.  *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).  A judgment issued without a conventional trial is final for purposes of appeal only if it (1) actually disposes of all claims and parties before the court, regardless of its language, or (2) states with unmistakable clarity that it is a final judgment as to all claims and all parties.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023).  Whether a court has jurisdiction is a question of law, which we review *de novo*.  *Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390.

Any party "seek[ing] to alter [a] trial court's judgment" must timely file a notice of appeal.  TEX. R. APP. P. 25.1(c).  A notice of appeal is generally due within thirty days after the trial court signs its final judgment.  *See* TEX. R. APP. P. 26.1.  The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law.  *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b.  The time to file a notice of

6

appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal compliant with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3. A trial court retains jurisdiction over a case for thirty days after it signs a final judgment or order. TEX. R. CIV. P. 329b(d). After thirty days, the trial court loses plenary power and lacks jurisdiction to act in the matter. *Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A court's plenary power is extended to 105 days after a final judgment is signed when a party files a timely post-judgment motion, such as a motion for new trial. *See* TEX. R. CIV. P. 329b(c). If a motion for new trial is not determined by a written, signed order within seventy-five days after the judgment was signed, it is overruled by operation of law. *See* TEX. R. CIV. P. 329b(c), (e); *see also Cecil v. Smith*, 804 S.W.2d 509, 511 (Tex. 1991).

Judicial action taken after the trial court's plenary power expires is void. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (defining void judgment as one rendered when court has no jurisdiction over parties or subject matter, no jurisdiction to render judgment, or no capacity to act as court). Although a party need not appeal a void order, if an appeal is taken, the appellate court should declare void any orders the trial court signed after it lost its plenary power. *State ex. rel Latty*, 907 S.W.2d

at 486; *see also Martin*, 176 S.W.3d at 393–94 (holding that trial court's order granting plea to jurisdiction was void because order was issued after expiration of trial court's plenary power, declaring order void, and dismissing appeal for lack of jurisdiction).

**B.     Analysis**

The trial court's April 6, 2023 order granting Sterling's 91a motion to dismiss and dismissing Palma's claims with prejudice disposed of all parties and all claims. It is thus a final judgment. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) ("[A] judgment is final *either* if 'it actually disposes of every pending claim and party' *or* 'it clearly and unequivocally states that it finally disposes of all parties.'"). Palma's timely filing of his motion to reinstate, which the trial court construed as a motion for new trial, extended Palma's deadline to file his notice of appeal to ninety days after the final judgment was signed. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. His notice of appeal was thus due on July 5, 2023—ninety days after the trial court signed its final judgment. *See* TEX. R. APP. P. 26.1(a) (stating that notice of appeal must be filed within ninety days after judgment is signed if any party timely files motion for new trial). Palma, however, did not file his notice of appeal until October 2, 2023. We thus lack jurisdiction over any appeal of the trial court's April 6, 2023 final judgment. *See Wagner & Brown*

8

*Ltd. v. Horwood*, 58 SW.3d 732, 737–38 (Tex. 2001); *Brashear,* 302 S.W.3d at 545–46 (stating timely filing of notice of appeal is jurisdictional prerequisite).

To the extent Palma attempts to appeal from the trial court's September 22, 2023 order sustaining Sterling's objection to the jurisdiction, we equally lack jurisdiction over that appeal. The trial court's September 22 order is not a final appealable order. We further note that even though the trial court orally granted Palma's timely motion for new trial, the court did not issue a written order granting the motion. Consequently, Palma's motion for new trial was overruled by operation of law on June 20, 2023, seventy-five days after the April 6, 2023 final judgment was signed. *See* TEX. R. CIV. P. 329b(c), (e); *see also In re Bates*, 429 S.W.3d 47, 51 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citing *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993, orig. proceeding) (per curiam)) ("Courts have also held that neither a trial court's oral pronouncement granting a motion for new trial, nor a docket entry indicating that such a motion was granted, nor a written order setting the case for trial are permissible substitutes for a signed, written order adjudicating the merits of the motion for new trial as required by Rule 329b.").

The trial court lost plenary power on July 20, 2023, thirty days after Palma's motion for new trial was overruled by operation of law. TEX. R. CIV. P. 329b(e); *see also Estate of Townes v. Wood*, 934 S.W.2d 806, 806–07 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) (stating it is undisputed that, absent written order

granting motion for new trial, expiration of 329b deadlines end case). The trial court's order sustaining Sterling's objection to the jurisdiction was issued on September 22, 2023, after the trial court's plenary power expired. We thus declare the order void and dismiss the appeal for lack of jurisdiction. *See State ex. rel Latty*, 907 S.W.2d at 486 (stating if appeal taken from order issued after expiration of trial court's plenary power, appellate court should declare order void and dismiss appeal for lack of jurisdiction); *see also In re T.G.*, 68 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) ("Although the appellate court may declare post-plenary-power orders void, appeals from void orders must be dismissed.").

## Conclusion

We vacate the trial court's September 22, 2023 order sustaining Sterling's objection to jurisdiction and dismiss Palma's appeal for lack of jurisdiction.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.