**CLARK & COMPANY et al., Relators,**

v.

**The Honorable Owen GILES, Judge, Respondent.**

**No. C–1244.**

Supreme Court of Texas.

June 2, 1982.

L. W. Anderson, Paul K. Hyde, Dallas, for relators.

W. E. Walton, III, Dallas, for respondent.

PER CURIAM.

Relators, Clark & Company and Phillip Nickerson, seek a writ of mandamus to compel Judge Owen Giles to vacate his order granting a new trial. This order was signed 208 days after the judgment was signed. Relators maintain that the prior judgment was final at the time Judge Giles signed the written order granting a new trial. The trial court therefore had lost jurisdiction over the case. We agree and conditionally grant the writ.

In the underlying lawsuit, plaintiff, Phillip Nickerson, obtained a money judgment against the defendant, James Phillips d/b/a Phillips Insurance Agency. This judgment was signed on July 16, 1981. Phillips filed a timely motion for new trial. On July 31, 1981, Judge Giles orally granted the motion for new trial and noted his action on the docket sheet.[1] Judge Giles, however, did not sign a written order granting a new trial at this time.

On February 9, 1982, plaintiff Nickerson, apparently believing that a new trial had been properly ordered, filed an amended petition joining Clark & Company as a defendant. Clark responded by filing a motion for summary judgment. Clark contended that the judgment signed on July 16, 1981 was final. On April 20, 1982, Judge Giles signed an order granting Phillips' motion for new trial. Thereafter, Judge Giles denied Clark's motion for summary judgment.

An order granting a motion for new trial is not effective unless signed within 75

---

1. The docket sheet states: "7–31–81 Mo. N. T.    Sus."

days after the judgment is signed. Rule 329b(c).[2] If no written order is signed within this period, the motion for new trial is deemed overruled by operation of law. Rule 329b(c). The trial court, however, retains jurisdiction to vacate, modify, correct or reform the judgment for an additional 30 days. Rule 329b(e).

 Judge Giles' oral pronouncement and docket entry granting the motion for new trial could not substitute for the written order required by Rule 329b. *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980); *Reese v. Piperi,* 534 S.W.2d 329 (Tex.1976). Since no written order was signed by Judge Giles within the required time, the motion for new trial was overruled by operation of law on September 29, 1981, 75 days after the judgment was signed. The judgment became final 30 days later and the trial court lost jurisdiction over the case. The order of April 20, 1982, purporting to grant a new trial, is therefore a nullity.

Relator's motion for leave to file petition for writ of mandamus is granted and, without hearing oral argument, we conditionally grant the writ of mandamus to compel Judge Giles to vacate his order of April 20, 1982 granting a new trial. Rule 483. The writ of mandamus will issue only if Judge Giles does not vacate that order.

---

**2.** All references to rules are to the Texas Rules of Civil Procedure.

