Dorothy Reed TAACK, Relator,

v.

Hon. John R. McFALL, Judge, et al., Respondents.

No. C–2337.

Supreme Court of Texas.

Oct. 12, 1983.

Benson & Benson, Charles E. Benson and Barbara S. Benson, Lubbock, for relator.

McClendon & Richards, Jack McClendon, Lubbock, for respondents.

PER CURIAM.

Relator, Dorothy Reed Taack, seeks a writ of mandamus to compel Judge John R. McFall to vacate his order granting a new trial in a divorce action between relator and Wayne Taack. We conditionally grant the writ.

Dorothy Reed Taack sued Wayne Taack for divorce. Judge McFall rendered a default divorce decree on October 8, 1982. Wayne Taack timely filed a motion for new trial, and a hearing on the motion was held on November 3, 1982. Judge McFall orally granted Mr. Taack's motion for new trial and noted his action on the docket sheet. On that same day, November 3, Judge McFall granted Dorothy Taack's request for temporary orders regarding such matters as child support and custody. These temporary orders were signed by Judge McFall on November 12, 1982. Apparently, the parties mistakenly believed that an order granting Mr. Taack's motion for new trial was also signed on that day.

On March 22, 1983, Wayne Taack filed a cross-petition for divorce. On June 13, 1983, Dorothy Taack filed a motion to dismiss, claiming that the decree of divorce signed on October 8, 1982, was final. On June 21, 1983, Judge McFall denied Dorothy Taack's motion to dismiss and rendered a judgment nunc pro tunc vacating the divorce decree of October 8, 1982, and granting Mr. Taack's motion for new trial.

An order granting a motion for new trial is not effective unless signed within seven-

ty-five days after the judgment is signed. TEX.R.CIV.P. 329b(c). If no written order is signed within this period, the motion for new trial is deemed overruled by operation of law. TEX.R.CIV.P. 329b(c). The trial court, however, retains jurisdiction to vacate, modify, correct or reform the judgment for an additional thirty days. TEX.R. CIV.P. 329b(e).

Judge McFall's oral pronouncement and docket entry granting the new trial could not substitute for the written order required by Rule 329b(c). *Clark & Company v. Giles,* 639 S.W.2d 449 (Tex. 1982); *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980). Since Wayne Taack's motion for new trial was not determined by a written order signed within seventy-five days after the default divorce decree was signed on October 8, 1982, the motion was overruled by operation of law on December 22, 1982. The judgment became final thirty days later, and the trial court lost jurisdiction in the case. Therefore, the order of June 21, 1983, purporting to grant a new trial, is a nullity.

Wayne Taack argues that the judgment nunc pro tunc rendered by Judge McFall corrected a clerical error and thus was authorized under TEX.R.CIV.P. 316. A similar argument was advanced without success by the respondent in *McCormack v. Guillot,* 597 S.W.2d 345. We hold that the failure to follow the express requirements of Rule 329b(c) is not a clerical error.

Relator's motion for leave to file petition for writ of mandamus is granted, and without hearing oral argument, we conditionally grant the writ of mandamus to compel Judge McFall to vacate his order of June 21, 1983, granting a new trial. TEX.R. CIV.P. 483. The writ of mandamus will issue only if he does not vacate that order.