**CORTLAND LINE COMPANY, INC., Appellant,**

v.

**Earl W. ISRAEL, Herbert C. Denton, and the New Sportsman's Paradise, Inc., Appellees.**

No. C14–93–00081–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 10, 1994.

Rehearing Overruled April 14, 1994.

**180**

William A. Petersen, Jr., Houston, for appellant.

George W. Vie, III, Houston, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Cortland Line Company, Inc. ("Cortland"), appeals from a decision of the county court at law granting appellees' motion for partial summary judgment in a bill of review proceeding. Appellant brings eight points of error. The first and second points allege that the court erred in granting the partial summary judgment, and that the pleadings were insufficient to support the granting of a bill of review on the original cause. The eighth point argues that the trial court erred by failing to award appellant reasonable and necessary attorney's fees. Points three through seven are not germane to our disposition of this appeal, consequently, we will not review them. We reverse the judgment.

On or about May 16, 1985, Rusty Legg, Inc., d/b/a Sportsman's Paradise ("Sportsman's Paradise) sold his business to The New Sportsman's Paradise, Inc. ("New Sportsman's Paradise), a recently formed Texas corporation. Earl W. Israel and Herbert C. Denton were officers of New Sportsman's Paradise. The transfer of Rusty Legg, Inc.'s assets was accomplished by means of a bulk transfer, executed in accordance with TEX.BUS. & COM.CODE ANN. § 6.101 et seq. (Vernon 1968) (repealed by Acts 1993, 73rd Leg., ch. 570, § 16, eff. Sept. 1, 1993). As required by the Business and Commerce Code, notice of the transfer was given to Rusty Legg, Inc.'s creditors. Cortland is one of those creditors.

The notice to Cortland stated:

R.V. Legg, Inc., d/b/a Sportsman's Paradise, hereinafter referred to as the "Transferor," whose business address is 2001 61st Street, Galveston, TX., 77551, intends to make a bulk transfer to Earl W. Israel and Herbert C. Denton, hereinafter referred to as the "Transferees," whose business address is 3302 Broadway, Galveston, Texas 77550.

The notice was signed by Israel and Denton as President and Vice–President, respectively, of The New Sportsman's Paradise, Inc. The notice stated that the new consideration to be paid was $80,000.00, which also equalled the amount of the stated transferor's debt. Appellant's debt is listed as $1,639.00. No part of that debt was ever paid.

On or about December 2, 1986, Cortland brought suit in Harris County on the sworn account against Rusty Legg, *individually* and doing business as Sportsman's Paradise, and against Earl W. Israel and Herbert C. Denton, *in their individual capacities.* No mention was made anywhere in appellant's original or amended petition of New Sportsman's Paradise.

On or about January 6, 1987, all three defendants filed a general denial. This denial was not verified as required by TEX. R.CIV.P. 93(10). Defendants also did not deny that they were liable in the capacity in which the plaintiff sued or that there was a defect of parties. TEX.R.CIV.P. 93(2) & (3).

■ On January 25, 1988, New Sportsman's Paradise filed for bankruptcy. On February 18, 1988, Cortland's suit was transferred to Galveston County. On March 7, 1988, the attorney for Israel and Denton sent a letter to Cortland's attorney informing him that New Sportsman's Paradise had filed for bankruptcy. The letter requested appellant's attorney to immediately notify the trial court in Cortland's suit against Israel and Denton that the proceedings were stayed due to New Sportsman's Paradise's bankruptcy. The automatic stay granted by 11 U.S.C. § 362 does not, however, apply to any person or entity except the bankruptcy debtor. It

must be remembered that Cortland sued Israel and Denton in their *individual* capacities; it did not sue New Sportsman's Paradise, Inc., nor did Israel and Denton deny in *any* fashion that they were personally liable on the bulk transfer, or that Cortland was suing the wrong party.

On March 10, 1988, the trial court sent notice to all parties that trial was set for May 23, 1988. Cortland appeared for trial. None of the defendants appeared for trial. After hearing Cortland's evidence, the trial court entered a default judgment in Cortland's favor.

On June 3, 1988, a motion for new trial was filed on behalf of New Sportsman's Paradise. This motion recited that New Sportsman's Paradise was a defendant in Cortland's cause of action. The Motion alleged that the "defendant" had filed for bankruptcy and that an automatic stay was in effect at the time the default judgment was entered.

██ Cortland filed a response to the Motion for New Trial on June 10, 1988. Cortland's response correctly pointed out that New Sportsman's Paradise *was not* a party to Cortland's suit. The response further pointed out that Cortland's suit was against Legg, Israel, and Denton in their individual capacities. Consequently, appellant argued, the automatic stay provision did not affect the court's jurisdiction over Legg, Israel, and Denton. In this, we agree.

On June 22, 1988, Rusty Legg filed a motion for new trial. Legg alleged that his attorney of record never notified him of the trial setting, and that his failure to show for trial was through no fault of his own. He further alleged that he had a meritorious defense. The judge set a hearing for June 23, 1988. The court's docket sheet recites that a new trial was orally granted *as to all* parties on June 23, 1988. Both parties argue that the judge also signed an order believing it to be an order granting a new trial, when, in reality, it was an order setting the matter for a hearing. The judge himself admits this in an affidavit. Nevertheless, we find no such order anywhere in the record before us.

For some reason, not entirely clear to this court, the Judge corrected his order by signing a new order granting a new trial on August 28, 1989. This was well after the trial court's plenary power over the cause had expired, however.

On February 7, 1990, New Sportsman's Paradise filed a plea in abatement. This plea once again asserted that the original default judgment was void because it had been rendered while bankruptcy proceedings for New Sportsman's Paradise were pending. *No mention* is made of the original defendants, Earl Israel or Herbert Denton. On February 16, appellant responded to New Sportsman's Paradise's plea in abatement. Cortland asserted that the original judgment was against Israel and Denton individually, that New Sportsman's Paradise was not a party to the original suit, and that New Sportsman's Paradise had no standing to file a plea in abatement.

We are unable to determine how the plea in abatement was resolved. It does appear from the record, however, that Cortland filed a motion to set aside and vacate certain orders, including the order granting a new trial signed on August 28, 1989, and another order, issued September 6, 1989, ordering the Sheriff of Galveston County not to levy execution in the cause. The court issued an order granting Cortland's motion on March 16, 1990.

Legg, Israel, Denton, and New Sportsman's Paradise filed a Bill of Review on March 16, 1990. The petition alleged that Rusty Legg was never notified of the trial setting. The petition also alleged that on February 17, 1988, a chapter 11 bankruptcy proceeding was filed on behalf of *Earl Israel and Herbert Denton.* The petition states unequivocally that Cortland had notice of the bankruptcy proceeding and that they were entitled to an automatic stay in Cortland's suit pursuant to 11 U.S.C.A. § 362.

In addition, the petition recited that Rusty Legg had a meritorious defense in that when he transferred his business assets, liability transferred to *Earl Israel* and *Herbert Denton.* Israel and Denton's meritorious defense is, of course, the fact that the proceedings should have been stayed under the bankruptcy code. All parties allege that

they had no adequate remedy at law, and that the default judgment was rendered through no fault of their own. The petition requested a temporary restraining order and a temporary injunction to prevent levy and execution on the judgment by the Sheriff of Galveston County.

Cortland filed its answer on April 3, 1990. The answer contained a general denial. Cortland also averred that New Sportsman's Paradise had no standing to bring a bill of review because it was not a party to the underlying suit, that there had been no attempt to levy execution against New Sportsman's Paradise, or to take any other action against it, and that New Sportsman's Paradise had in no way been injured by the judgment rendered in the underlying suit. Cortland denied that New Sportsman's Paradise could recover in the capacity in which it sued. Cortland denied several other facts alleged by appellees, and specifically requested attorney's fees.

On May 7, 1990, Cortland filed a motion to dissolve the temporary restraining order. On July 12, 1990, the trial court denied appellee's request for a temporary injunction, and dissolved the temporary restraining order.

On September 17, 1990, appellees filed a motion for partial summary judgment. Appellees alleged that uncontradicted summary judgment evidence established that a valid order granting new trial was rendered and "a document signed" within the court's plenary power and in sufficient compliance with Tex. R.Civ.P. 329(b), and that they were entitled to judgment as a matter of law. As summary judgment proof, appellees presented the sworn affidavit of Judge Wilson (whom had been replaced on the bench during the course of these proceedings by Judge Thoma), which stated that he orally had granted the motion for new trial as to all parties on June 23, 1988, noted it on the docket sheet, and signed what he thought was the order granting new trial, but which turned out to be an order setting a hearing date.

Cortland answered on September 28, 1990, alleging that an oral pronouncement and docket sheet entry were insufficient to grant a motion for new trial. Appellee's response

was supported by Texas Supreme Court case law. Nevertheless, after hearing the matter on October 11, 1990, the court granted appellees' motion by written order on December 10, 1990.

On February 19, 1991, Cortland filed a First Amended Answer to the Bill of Review. They filed a Second Amended Pleading on October 22, 1991. On February 26, 1992, appellees filed the First Amended Petition for Bill of Review in which they dropped Rusty Legg as a party.

The cause was tried to the court without a jury on March 13, 1992. After hearing the evidence, the court below granted appellees' petition for bill of review and entered a judgment for plaintiffs. Appellant Cortland filed a request for findings of fact and conclusions of law. As time for filing passed, appellant filed another request. The trial court never filed any findings of fact and conclusions of law.

In their first point of error, Cortland alleges that the trial court erred by granting a partial summary judgment on appellee's Bill of Review. On appeal, where a summary judgment is concerned, the question is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–549 (Tex.1985).

Appellees asserted that (1) the trial court orally granted a motion for new trial on June 23, 1988, (2) that the judge made such a notation on the docket sheet, and (3) that the judge erroneously signed the wrong order. The affidavit of Judge Wilson was sufficient to demonstrate this.

An order granting a motion for new trial is not effective unless signed within 75 days after the judgment is signed. If no

written order is signed within that period, the motion is overruled by operation of law. *Clark & Co. v. Giles,* 639 S.W.2d 449, 449–450 (Tex.1982). In *Clark* the trial judge orally granted the motion for new trial and noted it on the docket sheet. He did not, however, sign the order until 208 days after he granted it. The Texas Supreme Court made it plain that under these circumstances, the order was overruled by operation of law. *Taack v. McFall,* 661 S.W.2d 923 (Tex.1983), is also instructive. In *Taack,* the parties mistakenly believed the judge had signed a motion for new trial, when he had in fact not done so. He had granted an oral order for new trial and noted it on the docket sheet. The Supreme Court steadfastly held that an order granting a new trial is not effective unless signed. *Id.* at 924. The same rule applies to the case at bar. Consequently, appellees' summary judgment proof established only that the motion for new trial was overruled by operation of law. The trial court erred when it granted appellees' motion for partial summary judgment on this single issue. Accordingly, appellant's first point of error is sustained.

■ In their second point, Cortland alleges that there were no, or insufficient pleadings, to support the trial court's granting appellees' bill of review. The proponent of a bill of review must satisfy three requirements in order to demonstrate his right to relief. First, he must plead and prove a meritorious defense to the cause of action alleged to support the judgment. Second, he must plead and prove that he was prevented from making an appearance by the fraud, accident, or wrongful act of his opponent. Third, he must plead and prove that his failure to appear was unmixed with any fault or negligence of his own. *Transworld Financial Services v. Briscoe,* 722 S.W.2d 407, 408 (Tex.1987).

■ The facts are clear. Cortland sued Rusty Legg, Earl W. Israel, and Herbert C. Denton, in their *individual* capacities. New Sportsman's Paradise filed bankruptcy. A trial date for Cortland's case was set, and appellees did not appear for trial.

Appellees alleged, in their bill of review, that the reason they did not appear at trial was that a bankruptcy petition had been filed on behalf of New Sportsman's Paradise, and that this operated to stay the proceedings. As appellant has repeatedly pointed out, New Sportsman's Paradise was not a party to the suit. No judgment was taken against it, and it was in no way injured by the judgment. Finally, the automatic stay in a bankruptcy proceeding applies only to the bankruptcy debtor, and no one else. *See, Patton v. Beardon,* 8 F.3d 343, 348–349 (6th Cir.1993) (automatic stay does not extend to individual partners of bankrupt partnership). Thus, as appellant correctly argues, the failure of appellees to appear for trial was intentional and based upon their incorrect interpretation of the law. It was not caused by any fraud, accident, or wrongful act on the part of appellant. The fact that appellees failed to appear based upon the erroneous advice of their attorney, or even due to his own fraudulent or wrongful acts, does not entitle them to relief under a bill of review. *Transworld Financial,* 722 S.W.2d at 408; *See also, Gracey v. West,* 422 S.W.2d 913 (Tex.1968) (allegation of attorney negligence not sufficient to support bill of review).

■ Appellees argue that notwithstanding their failure to appear for trial, they are still entitled to relief because the trial judge erroneously signed an order setting a hearing date when he actually meant to sign an order granting a new trial. Appellees contend this is the type of "official mistake" contemplated by the Texas Supreme Court in *Transworld Financial,* and the cases cited therein. The official mistake doctrine permits a defendant to meet the second element of a bill of review by pleading and proving that the default judgment resulted from the defendant's reliance on a court officer who improperly executed such officer's official duties. *Transworld,* 722 S.W.2d at 408.

■ We disagree. The type of official mistake to which the Supreme Court referred is the type of mistake, made by an officer of the court, which, due to the defendant's reliance thereon, results in defendant's failure to answer or appear for trial. Nothing in the language of any of these cases suggests that this doctrine should be extend-

ed to an instance where the trial judge fails to sign an order granting a new trial which is then overruled by operation of law. Harsh as this rule may seem at first blush, it is not this Court's perogative to change it. For these reasons we sustain appellant's second point of error.

In their eighth point of error Cortland complains that the trial court did not award it attorney's fees. Cortland argues that it is entitled to recover attorney's fees under TEX.CIV.PRAC. & REM.CODE ANN. § 38.-001 (Vernon 1986), as a suit for a debt, or on an open account. The award of reasonable attorney's fees is mandatory under § 38.001 if there is proof of the reasonableness of the fees. *Budd v. Gay*, 846 S.W.2d 521, 524 (Tex.App.—Houston [14th Dist.] 1993, no writ). A court has the discretion to fix the amount of attorney's fees, but it does not have the discretion in denying them if they are proper under § 38.001. *Id.*

Reviewing the record, however, we find that appellant Cortland was awarded $500.00 in attorney's fees in the original judgment. Cortland sought to collect attorney's fees for appellees' repeated attempts to block execution of the judgment, including their filing of a bill of review. It was this recovery that the trial court denied appellant. Nevertheless, given the facts of this specific case, we hold that the trial court abused its discretion in refusing to award Cortland attorney's fees. Accordingly, we sustain appellant's eighth point of error.

We reverse the judgment of the trial court, reinstate the original default judgment granted on May 23, 1988, and signed June 1, 1988, and remand to the trial court to determine the reasonable and necessary amount of attorney's fees Cortland is entitled to receive. We also reverse the trial court's finding that costs be taxed against Cortland Line Company.