TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00767-CV






Kenneth Eugene Guynes, Appellant



v.



Texas Board of Pardons and Paroles and the Texas Department 


of Criminal Justice-Administration, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 98-00332, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 







 Appellant Kenneth Eugene Guynes appeals the dismissal of his suit against
appellees the Texas Board of Pardons and Paroles (the Board) and the Texas Department of
Criminal Justice-Administration (the Department). We will affirm.


Background

 Guynes was convicted in 1980 of kidnapping and sentenced to forty years'
imprisonment. In December 1994 he was released from prison on parole, having served
approximately fourteen years and earned nearly twenty-seven years of "good time credit" (GTC). 
In September 1995, Guynes's parole was revoked because he violated the terms of his community
supervision. He was returned to the Department's custody and learned that his GTC had been
forfeited and would not be reinstated. (1) He then filed this suit pro se and in forma pauperis,
claiming among other things that his GTC had been taken without due process of law. The record
indicates service of citation was never executed on the Department, which did not respond to the
suit. The Board answered and filed a motion to dismiss which the district court granted. The
order of dismissal included a Mother Hubbard clause which stated, "The Court denies all relief
not expressly granted in this judgment." A Mother Hubbard clause makes an order a final,
appealable judgment. See Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993). The Mother
Hubbard clause in the district court's order rendered a final judgment dismissing all of Guynes's
claims. 


Standard of Review

 Effective June 8, 1995, the dismissal of lawsuits brought by inmates filing affidavits
of inability is governed by chapter 14 of the Civil Practice and Remedies Code, titled "Inmate
Litigation." See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West Supp. 2000). Section
14.003 states that a trial court may dismiss a claim as frivolous or malicious if it finds the claim
has little chance of ultimate success, the claim has no arguable basis in law or fact, or it is clear
the party cannot prove supporting facts. See id. § 14.003(b). However, the supreme court has
indicated the only proper basis for finding a claim is frivolous or malicious is the finding that it
lacks an arguable basis in law or fact. See Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex.
1990) (dismissal under Tex. Civ. Prac. & Rem. Code Ann. § 13.001, which governed dismissal
of in forma pauperis suits, including inmate suits, until 1995 enactment of chapter 14); Berry v.
Texas Dep't of Criminal Justice, 864 S.W.2d 578, 579 (Tex. App.--Tyler 1993, no writ) (same). 

 A trial court may dismiss an inmate's suit as frivolous before or after service of
process. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2); Bohannan v. Texas Bd. of
Criminal Justice, 942 S.W.2d 113, 116 (Tex. App.--Austin 1997, writ denied). A court has broad
discretion to dismiss an inmate's suit as frivolous. See Lentworth v. Trahan, 981 S.W.2d 720,
722 (Tex. App.--Houston [1st Dist.] 1998, no pet.); Berry, 864 S.W.2d at 579.

 A trial court may hold a hearing to decide whether to dismiss a suit under section
14.003(a), but such a hearing is not required. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(c); Timmons v. Luce, 840 S.W.2d 582, 586 (Tex. App.--Tyler 1992, no writ). When
a suit is dismissed as frivolous without a fact hearing, the court must have found the suit had no
arguable basis in law. See Lentworth, 981 S.W.2d at 722; Timmons, 840 S.W.2d at 586. When
a suit is dismissed before any hearings or trial, the court is not required to make findings of fact
or conclusions of law. See Timmons, 840 S.W.2d at 586; Kendrick v. Lynaugh, 804 S.W.2d 153,
156 (Tex. App.--Houston [14th Dist.] 1990, no writ). 



Analysis

 Guynes sued the Board and the Department, complaining that when sections
498.004 and 498.005 of the Government Code were amended to do away with the possibility of
the reinstatement of GTC, those changes violated his constitutional rights and violated due process
considerations. He complained that former section 498.005 created a property right in the
restoration of his GTC, and that he was deprived of that property right without due process of
law. He also alleged the Board and the Department acted wrongly when, following changes to
sections 498.004 and 498.005, they changed the policies governing the reinstatement of GTC. 
Most of his complaints relate to the amended statutes and the new policies governing reinstatement
of GTC or the procedures under which the statutes were amended. (2)


Guynes's Complaints Related to GTC

 Guynes sued the Board and the Department. However, neither of those entities
enacts statutes or makes policies governing forfeiture and reinstatement of GTC. The legislature
has the power to make and amend statutes. See, e.g., Perkins v. State, 367 S.W.2d 140, 145
(Tex. 1963); Gross v. State, 308 S.W.2d 54, 55 (Tex. Crim. App. 1957). The Board of Criminal
Justice governs the Department. See Tex. Gov't Code Ann. § 492.001 (West 1998). Sections
498.004 and 498.005, the statutes of which Guynes complains, refer to actions taken and decisions
made by "the board," which in chapter 498 refers to the Board of Criminal Justice, not the Board
of Pardons and Paroles. See id. §§ 491.001 ("the board" in chapters 491-509 refers to "Texas
Board of Criminal Justice," except as provided by section 508.001; "Board of Pardons and
Paroles" referred to as such); 498.004; 498.005. The Board of Pardons and Paroles determines
which inmates are released on parole, conditions of parole or mandatory supervision, which
releasees are released from supervision and reporting, and when parole is revoked; it does not
control policies governing GTC once an inmate returns to the Department's custody. See id.
§ 508.044(b) (West Supp. 2000); see also id. § 508.001(1) ("board" in chapter 508 refers to
"Board of Pardons and Paroles"). The Board of Pardons and Paroles, the Department, and the
Board of Criminal Justice are separate entities. See id. §§ 491.001(a)(1) & (3); 491.001(b)(1);
492.001; see, e.g., Texas Parks & Wildlife Dep't v. Wilson, 991 S.W.2d 93, 97 n.7 (Tex.
App.--Austin), pet. denied per curiam 8 S.W.3d 634 (Tex. 1999) (plaintiffs sued wrong agency;
liability cannot attach without proof that named agency exercised control over premises). Guynes
sued the wrong parties. See Wilson, 991 S.W.2d at 97 n.7.

 The Board did not raise this issue in its motion to dismiss, instead arguing (1) it
was shielded by the defenses of sovereign immunity and statute of limitations and (2) Guynes's
claims were made under inappropriate statutory authorities. The order dismissing Guynes's suit
did not state the grounds on which the court relied in determining the suit was frivolous. The
court had the power to dismiss the suit on its own motion if it found the suit lacked an arguable
basis in law or fact. See Bohannan, 942 S.W.2d at 116. Because Guynes sued the wrong parties,
his claims attacking GTC procedures or policies entirely lacked arguable bases in law. The
district court did not abuse her discretion in dismissing those claims.


Guynes's Other Complaints

 Guynes attacks chapter 14 as follows: section 14.003 is unconstitutional and allows
pretextual discrimination against inmates, violates or abridges the Fourteenth Amendment, and
violates the separation of powers doctrine; Texas has not properly reviewed the text of the
legislative act relating to section 14.003; and chapter 14 hinders indigent prisoners from obtaining
hearings and blocks discovery. He also claims discrimination "[w]hen the legislation [sic] created
Civil Practice & Remedies Code § 101.021 by intentionally granting the Texas Government
Officials an automatic immunity by not making a law for such remedies for inmate's [sic] to
obtain relief for Governmental abused [sic] of discretion in violating a clearly established law." 
The record does not show these arguments were raised before the trial court and therefore they
are not preserved for our review. See Tex. R. App. P. 33.1; Garcia v. Robinson, 817 S.W.2d
59, 60 (Tex. 1991). Further, chapter 14 and its predecessor, chapter 13, as far as they allow
dismissal of a suit lacking an arguable basis in law or fact, have been upheld as constitutional. 
See Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 940-41 (Tex. App.--Fort Worth 1997, pet.
denied); Timmons, 840 S.W.2d at 585; Pedraza v. Tibbs, 826 S.W.2d 695, 697-98 (Tex.
App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.); Spellmon v. Sweeney, 819 S.W.2d 206, 209-11 (Tex. App.--Waco 1991, no writ).

 Guynes also complains the district court wrongly denied his motion to compel. The
record does not include the motion to compel, but the docket sheet indicates a motion to compel
was filed on August 10, 1998, and was denied on October 19, 1998. (3) We review a trial court's
ruling on discovery matters for an abuse of discretion. See Markham v. Diversified Land &
Exploration Co., 973 S.W.2d 437, 441 (Tex. App.--Austin 1998, pet. denied). Because Guynes's
complaints were brought against incorrect parties, compelling the Board to respond to discovery
would not have benefitted Guynes. The district court did not abuse its discretion in denying his
motion to compel. 

 Guynes argues he did not receive timely notice of the July 9 hearing, and that the
inadequate notice deprived him of the opportunity to file timely motion for bench warrant or writ
of ad testificandum. A trial court may dismiss a suit as frivolous without holding a hearing. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (c); Timmons, 840 S.W.2d at 586. Further, the
Rules of Civil Procedure require parties to give each other three days' notice of hearings, with
an additional three days added when notice of the hearing is sent by mail. See Tex. R. Civ. P.
21, 21a. The hearing was set for July 9, 1999, and notice was mailed on either June 30 or July
1, 1999, more than six days before the hearing, thus satisfying the requirements of rules 21 and
21a.

 Guynes further contends the district court abused her discretion by dismissing his
suit with prejudice and without issuing written findings of fact and conclusions of law. He argues
it was error for the court to determine the merits of his claims without a court reporter present and
without entering a fact finding. As discussed above, a court need not hold a hearing to decide to
dismiss a suit under section 14.003. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (c);
Timmons, 840 S.W.2d at 586. When a suit is dismissed before a hearing or trial, the court is not
required to make findings of fact or conclusions of law. See Timmons, 840 S.W.2d at 586;
Kendrick, 804 S.W.2d at 156. It was not error to dismiss Guynes's suit without a holding hearing
before a court reporter and without filing findings of fact or conclusions of law. Because Guynes
cannot successfully bring these claims against these parties, it was not error to dismiss with
prejudice these particular claims made against these parties.

 Guynes argues it was an abuse of discretion for the district court to refuse to rule
on his motion for new trial. A motion for a new trial is overruled by operation of law if the trial
court does not rule on it within seventy-five days of signing the judgment. See Tex. R. Civ. P.
329b(c); Clark & Co. v. Giles, 639 S.W.2d 449, 449-50 (Tex. 1982). It is not error for a trial
court to allow a motion for new trial to be so overruled rather than by way of written order. See
Tex. R. App. P. 33.1(b); Giles, 639 S.W.2d at 449-50.

 Finally, Guynes alleges the court violated section 14.003(b) without explaining
which provisions were violated, states the court used an incorrect standard of review without
explaining what the correct standard would have been, and argues the dismissal of his suit
deprived him of access to the courts. As discussed above, section 14.003(b) governs when a suit
may be dismissed as frivolous or malicious, and Guynes's suit was properly dismissed. It does
not deprive a litigant of access to the courts to dismiss an improperly brought suit. See Sax v.
Votteler, 648 S.W.2d 661, 666 (Tex. 1983) (to show denial of access to courts, litigant must show
cognizable common-law cause of action is being restricted unreasonably).


Conclusion

 Having found the district court properly dismissed Guynes's suit, and having found
no procedural errors that would warrant reversal, we affirm the district court's judgment in its
entirety.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: May 18, 2000

Do Not Publish
1. In 1995, sections 498.004 and 498.005 of the Texas Government Code, which govern the
reinstatement of GTC forfeited for violations of Department rules or terms of mandatory
supervision, were amended to stop the reinstatement of forfeited GTC for offenses committed on
or after September 1, 1995. See Act of May 24, 1995, 74th Leg., R.S., ch. 249, § 4, 1995 Tex.
Gen. Laws 2173, 2175 ("The department . . . may not restore good conduct time forfeited on a
revocation."); id. at § 7(a), 1995 Tex. Gen. Laws 2173, 2175 ("The change in law made by this
Act applies only to an offense committed on or after [September 1, 1995]."). However, inmates
imprisoned for offenses committed before September 1, 1995, appear to retain the possibility of
having forfeited GTC reinstated. See Act of May 25, 1995, 74th Leg., R.S., ch. 321, § 1.049,
1995 Tex. Gen. Laws 2774, 2784 ("The department . . . may restore good time credit forfeited
on a revocation that does not involve a new criminal conviction after the inmate has served at least
three months of good behavior. . . ."). 
2. Guynes complained as follows: (1) he had a vested liberty or property interest in his GTC
and he was deprived of that interest in violation of his constitutional rights; (2) he received
inadequate notice of the change in GTC statutes and was denied the opportunity to be heard on
the proposed changes; (3) the Open Meetings Act was violated and other improper procedures
occurred during the promulgating of the new statutes and policies; (4) until prison overcrowding
decreased, it was improper to stop the reinstatement of GTC; (5) revocation of GTC should be
supported by some evidence; (6) retroactive application of the new GTC statutes violated the ex
post facto clause; (7) it was an abuse of discretion to refuse to reinstate his GTC; (8) he was the
victim of a civil conspiracy under 18 U.S.C. § 241; and (9) the GTC statutes were
unconstitutional under 42 U.S.C. § 1983. Guynes's complaints that do not in some way attack
the GTC statutes are addressed later in this opinion.
3. The Board argues the district court properly denied Guynes's motion because discovery was
suspended when the Board filed its motion to dismiss about six months before Guynes filed his
motion. However, the Board misreads section 14.003(d), which provides that "[o]n the filing of
a motion under Subsection (c), the court shall suspend discovery relating to the claim pending the
hearing." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(d) (emphasis added). Subsection (c)
provides that in determining whether a suit should be dismissed, "the court may hold a hearing. 
The hearing may be held before or after service of process, and it may be held on motion of the
court, a party, or the clerk of the court." Id. § 14.003(c). In other words, discovery is suspended
upon filing of a motion for a hearing, not upon filing of a motion to dismiss. The Board did not
include in its motion to dismiss a motion for hearing and the hearing on the motion occurred July
9, 1999, almost a year after Guynes filed his motion to compel.



1) Regular">. It is not error for a trial
court to allow a motion for new trial to be so overruled rather than by way of written order. See
Tex. R. App. P. 33.1(b); Giles, 639 S.W.2d at 449-50.