Petition for Writ of Habeas Corpus Granted and Opinion filed December
19, 2002









Petition for Writ of Habeas Corpus Granted and Opinion
filed December 19, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01072-CV

____________

 

IN RE SYLVIA DEEM F/K/A SYLVIA RESENDEZ,
Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF HABEAS CORPUS

 



 

O P I N I O N

This petition for writ of habeas corpus arises out of a
contempt order based on relator=s alleged failure to surrender minor children to the real
party in interest, Jose Alvaro Resendez, pursuant to the parties= divorce decree.  Relator contends, among other things, that
the contempt order is void because (1) the divorce decree is subject to more
than one interpretation regarding surrender and possession of the children when
school is dismissed at a special time for summer break, and (2) relator was not
required to surrender the children on July 1, 2002, for extended summer
visitation because Mr. Resendez had already exercised his extended summer
visitation in June.  We grant the
petition.  








Relator and Jose Alvaro Resendez divorced in 2001.  In the divorce decree, relator was awarded
possession of the couple=s two minor children; Mr. Resendez was awarded visitation
under a standard possession order pursuant to sections 153.311 through 153.317
of the Texas Family Code.  On August 20,
2002, Mr. Resendez filed an amended motion for enforcement alleging relator had
failed, on numerous occasions, to surrender the minor children for visitation
as required by the divorce decree.  Among
the allegations were that relator (1) Afailed to surrender the children at
the residence of Sylvia Resendez at 12:00 p.m. (the time school recessed for
the summer) and thereby denied access for the possession beginning on Thursday
May 30, 2002 12:00 p.m. and ending on Monday, June 3, 2002@ (Violation 27), and (2) Afailed to surrender the children at
the residence of Sylvia Resendez at 6:00 p.m. and thereby denied access
beginning on July 1, 2002 at 6:00 p.m. through July 4, 2002 at 6:00 p.m.@ (Violation 28).    

The trial court held a hearing on September 24, 2002.  Following the hearing, the trial court
entered an order holding relator in contempt. 
The trial court found relator failed to surrender the children for
visitation on May 30, 2002, and July 1, 2002, as required by the divorce
decree.  Exhibit AA,@ which is attached to the contempt
order specifically states:  

1.  On 5/30/02
at 11:15 o=clock a.m., Respondent [relator Sylvia Deem]
was ordered to surrender/return [L. R. and A. R.] to Jose
Resendez at the school the children were enrolled, Northside Elementary
School at Texas City, Texas.  

2.  On 7/1/02
at 6:00 o=clock p.m., Respondent was ordered to surrender/return
[L. R. and A. R.] to Jose Resendez at the children=s residence at 2020 36th North, Apt 1312 Texas City,
Texas 77590.  

 

As punishment for the contempt, the trial court ordered
relator confined in the Harris County Jail for a period of ninety days for each
violation and day to day thereafter until she paid $63.00 to the District Clerk
of Harris County ($48.00 for commitment fee; $15.00 for steno fee).  Relator was taken into custody and confined
pursuant to the order of contempt and commitment.  On October 22, 2002, relator filed a petition
for writ of habeas corpus with this Court. 
On that date, we granted the petition pending final determination of the
cause and ordered relator released on $500.00 bond.  Mr. Resendez filed a response to the petition
on November 5, 2002.  








An original habeas corpus proceeding is a collateral attack
on a contempt judgment.  Ex parte
Rohleder, 424 S.W.2d 891, 892 (Tex. 1967). 
The purpose of a writ of habeas corpus is not to determine the guilt of
the contemnor, but only to determine whether she was afforded due process of
law or if the order of contempt was void. 
Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979).  A court will issue a writ of habeas corpus if
the order underlying the contempt is void, Ex parte Shaffer, 649 S.W.2d
300, 302 (Tex. 1983); In re Markowitz, 25 S.W.3d 1, 2 (Tex. App.CHouston [14th Dist.] 1998, orig.
proceeding), or if the contempt order itself is void.  Gordon, 584 S.W.2d at 688.  An order is void if it is beyond the power of
the court to enter it, or if it deprives the relator of liberty without due
process of law.  Ex parte Barlow, 899
S.W.2d 792, 794 (Tex. App.CHouston [14th Dist.] 1995, orig. proceeding).

In her first issue, relator contends the contempt order is
void as to Violation 27, the May 30, 2002, visitation, because the provision of
the divorce decree for surrender of the children for weekend visitations is
subject to more than one reasonable interpretation.  The divorce decree provides that Mr. Resendez
shall have the right of possession of the children for weekend visitations as
follows:  

On weekends, beginning at the time the child=s school is regularly dismissed or at 4:00 p.m. when
school is not in session, on the Thursday preceding the first, third, and fifth
Friday of each month and ending at the time the child=s school resumes after the weekend or at 8:30 a.m.
Monday following the weekend when school is not in session.  

 

The evidence established that during the school year, school
was Aregularly dismissed@ at 3:00 p.m.  Therefore, because May 30, 2002, was a school
day, Mr. Resendez was entitled to possession, pursuant to the terms of the
decree, at 3:00 p.m.  However, the date
in question, May 30, 2002, was the last day of school and the children were
apparently dismissed at 12:00 p.m. for summer recess.  This particular situation, i.e., the children
being dismissed from school on a regular school day other than at the Aregular@ time, was not specifically provided
for, or contemplated by, the divorce decree. 









An order for contempt must be grounded upon disobedience of
an order that spells out Athe details of compliance in clear, specific and unambiguous
terms so that such person will readily know exactly what duties or obligations
are imposed upon him.@  Ex parte Padron,
565 S.W.2d 921, 921 (Tex. 1978) (quoting Ex parte Slavin, 412 S.W.2d 43,
44 (Tex. 1967)).  It is the settled rule
that to sentence a person to confinement for contempt of a prior court order
that prior order must be unequivocal.  Padron,
565 S.W.2d at 921.  

In this case, the divorce decree failed the requirements of Slavin
and Padron.  The decree did not
specifically or unambiguously detail the terms of possession for days which
were regular school days but on which the children were not dismissed at the
regular time.  Because the order
underlying the contempt order was, at best, ambiguous, the contempt order
grounded upon that order is void.  We
sustain relator=s first issue.  

Mr. Resendez contends we should not find the order void
because the record shows relator was not confused and understood she was to
surrender the children at 12:00 p.m. on May 30, 2002.  While that may indeed have been relator=s understanding, the divorce decree
does not, by its terms, order her to do so. 
The issue is not relator=s understanding; rather, the issue is the clarity of the
divorce decree.  Contempt will not lie
unless the underlying order is unequivocal. 
Id.  

In her third issue, relator contends the contempt order is
void as to Violation 28  because Mr.
Resendez was not entitled to enforce the provision for extended summer
visitation beginning July, 1, 2002. 
Specifically, relator argues Mr. Resendez had previously designated and
exercised his extended summer visitation in June, and thus, was not entitled to
extended summer visitation in the month of July.  While we agree the contempt order is void, we
do so for reasons other than those specifically asserted by relator.  

The agreed final decree of divorce was signed November 20,
2001.  The decree provides for extended
summer possession by Mr. Resendez as follows: 









With Written Notice by April 1 B If JOSE ALVARO RESENDEZ gives SYLVIA VERONICA
RESENDEZ [relator] written notice by April 1 of a year specifying an extended
period or periods of summer possession for that year, JOSE ALVARO RESENDEZ  shall have possession of the child [sic] for
thirty days beginning no earlier than the day after the child=s school is dismissed for the summer vacation and
ending no later than seven days before school resumes at the end of the summer
vacation in that year, to be exercised in no more than two separate periods of
at least seven consecutive days each, as specified in the written notice.  These periods shall begin and end at 6:00
p.m.

Without Written Notice by April 1 B If JOSE ALVARO RESENDEZ  does not give SYLVIA VERONICA RESENDEZ
[relator] written notice by April 1 of a year specifying an extended period or
periods of summer possession for that year, JOSE ALVARO RESENDEZ  shall have possession of the child [sic] for
thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and
ending at 6:00 p.m. on July 31.  

 

In short, according to the decree, if Mr. Resendez notifies
relator by April 1 and specifies a particular thirtyBday period he desires to possess the
children, he is entitled to possession during that time period.  However, if Mr. Resendez fails to notify
relator by April 1, he is entitled to possession of the children from July1
through July 31.  

On April 5, 2002, Mr. Resendez filed a motion to enforce
alleging relator had failed to comply with the visitations provisions in the
divorce decree.  After a hearing on May
7, 2002, the parties entered into an AAgreed Order Enforcing Child Access
and Possession, Holding Respondent in Contempt and for Commitment and Judgment
for Makeup Time@ (Aagreed order@).  In that agreed
order, the trial court altered the visitation terms of the divorce decree.  The agreed order provided Amakeup time@ for missed visitation periods.  Of particular relevance, the order provided
that Mr. Resendez would be entitled to possession on Monday, July 1, 2002, at
6:00 p.m. through Friday, July 5, 2002, at 6:00 p.m. as makeup time for
previously missed visitation.  Additionally,
the trial court included, by handwritten notation, AIt is the intention of this order for
Movant, JOSE RESENDEZ to have July 1-July 31 as makeup time not credited
against his regular weekends plus Movant has elected June 1st-June 30th for
summer visitation.@  Therefore, possession
and visitation for July 1, 2002, was governed by the agreed order, not
the divorce decree.  

On June 5, 2002, after the agreed order was entered, relator
filed a motion for new trial.  The trial
court did not enter a written order granting the motion for new trial
until July 








16, 2002.  We recognize that at the
hearing on the motion for new trial on June 21, 2002, the trial court orally
granted the motion for new trial.  Based
on this oral pronouncement, the parties apparently believed the agreed order
was no longer in effect and the terms of the divorce decree controlled.  The parties were mistaken.  Rule 329b, which applies to all cases filed
in the district and county courts, provides that a motion for new trial that is
not determined by written order within 75 days after a judgment is
signed is overruled by operation of law. 
Tex. R. Civ. P. 329b(c)
(emphasis added).  The law is settled
that a trial court=s oral pronouncement granting a motion for new trial cannot
substitute for a written order required by rule 329b.  Faulkner v. Culver, 851 S.W.2d 187,
188 (Tex. 1993) (citing Clark & Co. v. Giles, 639 S.W.2d 449, 450
(Tex. 1982)).  Thus, at the time of the
July 1 visitation, the May 9, 2002, agreed order was still in effect, despite
the parties= belief.  

However, the
trial court erroneously stated in the contempt and commitment order:  

2.  on [sic] May
30, 2002 & July 1, 2002, Respondent [relator] was ordered to surrender/return
[L. A. and A. R.] a child [sic] for the purposes of possession of or
access to the child [sic], which order, appearing of record at Volume Image
Number 913628, starting at Page ___, of the minutes of this
court, is fully incorporated herein...@  

(emphasis in bold added).  








The order appearing at Image Number 913628 is the original
agreed decree of divorce entered November 20, 2001, not the agreed order of May
9, 2002.  Thus, the trial court held
relator in contempt for violation of an order that was not in effect at the
time of the violation.  As we have
stated, at the time of the alleged July 1, 2002, violation, the agreed order of
May 9, 2002, was in effect.  That order
was not set aside until the trial court granted the motion for new trial by
written order on July 16, 2002.  That it
was ultimately set aside is of no consequence for purposes of the contempt
order because it was set aside after July 1, 2002, the date of the
alleged violation.  On July 1, 2002,
relator was bound to comply with the terms of the agreed order of May 9, 2002Cshe was not required to comply with
the terms of the decree of divorce in so far as it had been modified by the
agreed order.  It is axiomatic that a
person cannot be held in contempt of an order which is not in effect at the
time of the alleged violation.  See
Barlow, 899 S.W.2d at 794 (holding that order is void if it is beyond power
of court to enter it).  Accordingly, we
sustain relator=s third issue.  

Given our disposition of issues one and three, we need not
address issues two and four.  We grant
relator=s petition for writ of habeas corpus
and order relator discharged from custody. 


 

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

Opinion filed
December 19, 2002.

Panel consists of
Justices Yates, Anderson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).