United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-10154

_____

BRUCE BURNEY, as Assignee of Tom Stevenson and Stevenson & Son's
Pest Control, doing business as "Bugs" Burney Pest Control

Plaintiff - Appellant

v.

ODYSSEY Re (LONDON) LIMITED; SPHERE DRAKE INSURANCE COMPANY;
SPHERE DRAKE INSURANCE LIMITED; SPHERE DRAKE INSURANCE COMPANY
PLC

Defendants - Appellees

_____

Appeal from the United States District Court
for the Northern District of Texas, Amarillo
No. 2:04-CV-32

_____

Before KING, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Bruce Burney appeals the district

court's order granting summary judgment in favor of the

defendants-appellees Odyssey Re (London) Limited and Sphere Drake

Insurance (collectively, "Odyssey"). This litigation began in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

-1-

Texas state court when Burney sued Tom Stevenson and Stevenson & Son's Pest Control.  The judgment entered by the state district court in favor of Burney on November 26, 2001 was vacated when the state court judge granted Stevenson's motion for a new trial on February 6, 2002.  See Long John Silver's Inc. v. Martinez, 850 S.W.2d 773, 777 (Tex. App. 1993) (stating that "[t]he legal effect of the order granting the new trial was to vacate the original judgment and return the case to the trial court as if no previous trial or hearing had been had").

In a letter dated August 19, 2002, the state court judge attempted to amend his order to grant a new trial for the damages issues alone.  This subsequent letter, which was outside of the seventy-five day period for granting a new trial prescribed by TEX. R. CIV. P. 329b(c), was ineffective, but it did evidence the judge's concern with the damages assessed by the jury in the underlying judgment.  See TEX. R. CIV. P. 329b(c) ("In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."); see also Taack v. McFall, 661 S.W.2d 923, 923-24 (Tex. 1983) ("An order granting a motion for new trial is not effective unless signed within seventy-five days after the judgment is signed.").

On December 14, 2002, over one year after the original

-2-

judgment was entered, the state court attempted to amend the August 19 letter order to include a new trial as to both the liability and the damages issues. Because the court's plenary power had long since passed, this December 14 order was overruled by operation of law. See TEX. R. CIV. P. 329b(c); see also Taack, 661 S.W.2d at 923-24.

On August 25, 2003, after the new trial had begun, Burney and Stevenson entered into a settlement agreement. The parties' agreement reinstated the November 26, 2001 final judgment and withdrew the court's order granting the motion for a new trial. The agreement also assigned to Burney all of Stevenson's rights under his insurance policies with Odyssey, including his indemnification rights against Odyssey. On August 27, 2003, the state court approved the settlement and entered an "agreed order" withdrawing the prior order granting the motion for a new trial and confirming the finality of the original judgment entered on November 26, 2001. This litigation ended up in federal district court after Burney sued Odyssey to recover the judgment rendered against Stevenson through the state court settlement agreement.

We agree with the federal district court that there has been no full and fair adjudication, as contemplated by the Texas Supreme Court in State Farm Fire & Casualty Co. v. Gandy, 925 S.W.2d 696 (Tex. 1996). In Gandy, the plaintiff and the insured-defendant settled the underlying lawsuit by agreeing to a judgment in the plaintiff's favor and assigning to the plaintiff

all of the insured's claims against his insurer.  Id. at 698, 701-02.  In refusing to enforce this kind of settlement agreement, the Texas Supreme Court concluded that "[i]n no event . . . is a judgment for plaintiff against defendant, rendered without a fully adversarial trial, binding on defendant's insurer or admissible as evidence of damages in an action against defendant's insurer by plaintiff as defendant's assignee."  Id. at 714 (emphasis added).

Here, whenever Burney and Stevenson attempted to withdraw the order granting the new trial and reinstate the November 26, 2001 original judgment, they confected the kind of sweetheart deal that Gandy prohibits.  Given that the February 6, 2002 order vacated the original judgment and there has since been no "fully adversarial trial" as contemplated by Gandy, Burney cannot enforce against Odyssey his agreed-upon judgment with Stevenson.  See id.  Accordingly, the district court's order is AFFIRMED.