Petition for Writ of Mandamus Conditionally Granted; Appeal Dismissed;
and Memorandum Opinion filed October 11, 2007








 

Petition
for Writ of Mandamus Conditionally Granted; Appeal Dismissed; and Memorandum
Opinion filed October 11, 2007.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00660CV

____________

 

GARY BRYE AND WILLIAM SALA, Appellants

 

V.

 

LISA JANISH AND ELIZABETH WARMAN, Appellees

 



 

On Appeal from the 155th District Court

Austin
County, Texas

Trial Court Cause
No. 2006V-0080

 



____________

 

NO. 14-07-00665-CV

____________

 

IN RE GARY BRYE AND WILLIAM SALA , Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








This
appeal is from a judgment signed May 24, 2007.  The trial court granted summary
judgment in favor of defendants, Gary Brye and William Sala, dismissed
plaintiffs Lisa Janish=s and Elizabeth Warman=s claims with prejudice, and ordered
plaintiffs take nothing.  The record reflects that on July 10, 2007, the trial
court signed an order withdrawing and rescinding that order.  Subsequently, on
July 30, 2007, the trial court signed an order denying Defendants= Motion for Summary Judgment.  On
July 31, defendants filed a notice of appeal (No. 14-07-00660-CV).

On
August 3, 2007, defendants filed a petition for writ of mandamus.  The petition
was originally filed in the First Court of Appeals.  It was transferred to the
Fourteenth Court of Appeals and filed in this court on August 13, 2007 (No.
14-07-00665-CV).  On August 16, 2007, we ordered the appeal consolidated with
the mandamus.  In the original proceeding, defendants seek a
writ of mandamus ordering the respondent, the Honorable Dan R. Beck, to vacate
his orders of July 10, 2007, and July 30, 2007.  We conditionally grant the
writ.

In
accordance with Rule 329b, the trial court had plenary power to grant a new
trial or to vacate, modify, correct, or reform the judgment for thirty days
after the judgment was signed.  See Tex.
R. Civ. P. 329b(d).  Plaintiffs claim the trial court withdrew its order
of May 24, 2007, granting summary judgment on June 18, 2007, a date within
thirty days of the judgment.  Plaintiffs rely upon a docket sheet entry stating
ACourt order signed 5-24-07 was signed
in error is is [sic] therefore withdrawn.  Because of courts=s error B . . . a new submission date is set
for July 13th. [Plaintiff=s] to provide order reflecting court=s error, . . . rescinding 5-24-07
order, and setting new submission date.@  








AAn order granting a new trial or modifying, correcting, or
reforming a judgment must be written and signed.@  Faulkner v. Culver, 851
S.W.2d 187, 188 (Tex. 1993).  When a final judgment is entered, the trial court
retains plenary power to vacate, set aside, modify or amend the judgment for a
period of thirty days after the date judgment was rendered.  See McCormack
v. Guillot, 597 S.W.2d 345 (Tex. 1980).  An oral pronouncement and docket
entry vacating a summary judgment cannot be substituted for a written order as
required by Rule 329b.  See Faulkner, 851 S.W.2d at 188.  In order to be
effective, any action during the thirty-day period after rendition must be by
written order.  See McCormack, 597 S.W.2d at 346.   If no written order
is signed within the required time, the judgment becomes final in thirty days
and the trial judge loses jurisdiction over the case.  See Faulkner, 851
S.W.2d at 188; McCormack, 597 S.W.2d at 346.  Any subsequent orders
purporting to vacate the summary judgement are a nullity.  See Faulkner, 851
S.W.2d at 188.  More recently, the Texas Supreme Court has declined to overrule
its precedent (thus ignoring Texas Rule of Civil Procedure 329b) requiring
written orders granting new trials.  See Horizon/CMS Healthcare Corp., Inc.
v. Fischer, 111 S.W.3d 67 (Tex. 2003).

The
cases relied upon by plaintiffs are inapposite to the case at bar.  See Burns
v. Bishop, 48 S.W.3d 459, 465 (Tex. App. B Houston [14th Dist.] 2001, no pet.)
(rendition occurred when the judge filed a written rendition in the Harris County
public record); Dearing v. Johnson, 947 S.W.2d 641, 643 (Tex. App. B Texarkana 1997, no writ) (judgment
was rendered when the judge orally disposed of all issues in the case); Henry
v. Cullum Companies, Inc., 891 S.W.2d 789, 793 (Tex. App. B Amarillo 1995, writ denied) (summary
judgment was orally rendered); and Oak Creek Homes, Inc. v. Jones, 758
S.W.2d 288, 290 (Tex. App. B Waco 1988, no writ) (judgment was rendered when trial judge
orally announced he was granting all requested relief).  None of these cases
involve a final judgment being vacated, set aside, modified, or amended by a
docket entry.








In those
cases where a final judgment was entered, the courts have consistently held
only a written, signed order can vacate, set aside, modify or amend the
judgment and it must be entered within thirty days or any subsequent order is
void.  See In re Nguyen, 155 S.W.3d 191, 193-94 (Tex. App. B Tyler 2003, orig. proceeding); Fischer
v. Tenet Hospitals, Ltd., 106 S.W.3d 110, 114-15 (Tex. App. B Dallas 2002), reversed on other
grounds, 111 S.W.3d 67 (Tex. 2003); In re J.H., 39 S.W.3d 688, 690
(Tex. App. B Houston [1st Dist.] 2001, no pet.); Jauregui Partners, Ltd. v. Grubb
& Ellis Commercial Real Estate Services, 960 S.W.2d 334, 336 (Tex. App.
B Corpus Christi 1997, writ denied);
and Cortland Line Co., Inc. v. Israel, 874 S.W.2d 178, 182-83 (Tex. App.
B Houston [14th Dist.] 1994, writ
denied).   A final judgment was entered on May 24, 2007.  Thus the trial court
had plenary power to grant a new trial or to vacate, modify, correct, or reform
the judgment until June 25, 2007.  See Tex.
R. Civ. P. 329b(d).  The trial court did not enter a written, signed
order until July 10, 2007, after its plenary power had expired.   Accordingly,
the trial court=s orders entered July 10, 2007, and July 30, 2007, are void. 
See State ex. rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995).  When
a trial court issues an order after its plenary power expires, mandamus is
proper.  In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex.
2000) (orig. proceeding).  

We
therefore conditionally grant the petition for a writ of mandamus and direct
the trial court to vacate its orders of  July 10, 2007, and July 30, 2007.  The
writ will issue only if the trial court fails to act in accordance with this
opinion.

Regarding
the appeal, final judgment was entered May 24, 2007,  thus the notice of appeal
was due June 25, 2007.  See Tex.
R. App. P. 26.1.  The record reflects the notice of appeal was filed
July 31, 2007, a date that is not within fifteen days of the due date for the
notice of appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997).  Accordingly, the notice of appeal is untimely and the appeal is
ordered dismissed.

 

PER
CURIAM

Petition Conditionally Granted; Appeal Dismissed; and
Memorandum Opinion filed October 11, 2007.

Panel consists of Chief Justice Hedges, Justices Yates
and Frost.