Affirmed and Memorandum Opinion filed June 2, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00274-CV

___________________

 

F&Z Business LLC and K&G Ventures
Corp., Appellants

 

V.

 

Afisco Interests, LLC, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 2

Harris County,
Texas



Trial Court Cause No. 885747

 



 

 

MEMORANDUM OPINION

The trial court granted a motion for new trial, then
ruled that the order was void because it was signed after the court’s plenary
power had expired. On appeal, we must determine whether the trial court
correctly applied the law in deciding that it lacked the jurisdiction to grant
the motion for new trial. Finding no error, we affirm.

Appellee Afisco Interest, LLC sued appellants F&Z
Business LLC and K&G Ventures Corp. to recover on a promissory note and to
foreclose on a security interest lien. A judgment was entered in Afisco’s favor
on October 1, 2008. Appellants timely filed a motion for new trial. The parties
agree that the motion was overruled by operation of law. See Tex. R.
Civ. P. 329b(c). They dispute, however, the precise date on which it was
overruled.

On January 15, 2009, the trial court signed an order
granting the motion for new trial. The court subsequently declared that the
order was void because its plenary power had lapsed before the order was signed.
See Tex. R. Civ. P. 329b(f). This appeal followed.

The question to be determined is whether the trial
court still had plenary power when it granted the new trial on January 15,
2009. Because this issue turns on a question of law, our review is de novo. See
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004).

The applicable law is provided by Rule 329b of the
Texas Rules of Civil Procedure, which contains the following provisions:

(c) In the event an original or amended motion for new
trial or a motion to modify, correct or reform a judgment is not determined by
written order signed within seventy-five days after the judgment was signed, it
shall be considered overruled by operation of law on expiration of that period.

* * *

(e) If a motion for new trial is timely filed by any
party, the trial court, regardless of whether an appeal has been perfected, has
plenary power to grant a new trial or to vacate, modify, correct, or reform the
judgment until thirty days after all such timely-filed motions are overruled,
either by a written and signed order or by operation of law, whichever occurs
first.

Tex. R. Civ. P. 329b.

            Appellants
contend under the plain meaning of Subsection (c) that their motion for new
trial could not be overruled by operation of law until December 16, 2008, which
is the first day following the expiration of seventy-five days since the date
of judgment. Under this interpretation, the trial court’s plenary power would
extend through January 15, 2009, which is 106 days from the date of judgment.

            Appellants’
reading of Rule 329b does not comport with its plain terms. A motion for new
trial is overruled by operation of law not at the earliest opportunity
following the expiration of seventy-five days, but at the end of the
seventy-fifth day itself. In this case, that day was December 15, 2008. Cf.
Taack v. McFall, 661 S.W.2d 923, 923–24 (Tex. 1983) (per curiam) (holding
that motion for new trial was overruled by operation of law on December 22,
1982, seventy-five days after date of default decree on October 8, 1982). The
trial court’s plenary power accordingly extended thirty more days through
January 14, 2009, and not a day longer. See Lane Bank Equip. Co. v. Smith S.
Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000); Philbrook v. Berry,
683 S.W.2d 378, 379 (Tex. 1985) (per curiam) (“A trial court’s plenary power
may be extended for as long as one hundred five days by a timely filed motion
for new trial.”). The trial court was without jurisdiction to grant a new trial
on January 15, 2009. The order declaring the grant to be void was therefore
proper. We overrule appellants’ sole issue.

            Afisco has argued
that appellants’ appeal is frivolous, and therefore deserving of sanction. See
Tex. R. App. P. 45. The decision to grant sanctions is a matter of
discretion, which we exercise with prudence and caution, and only after careful
deliberation. Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied). Although imposing sanctions is within our
discretion, we will do so only in circumstances that are truly egregious. Angelou
v. African Overseas Union, 33 S.W.3d 269, 282 (Tex. App.—Houston [14th
Dist.] 2000, no pet.). In determining whether to impose sanctions, we review
the record from the viewpoint of the advocate and decide whether the advocate
had reasonable grounds to believe the case could be reversed. Smith, 51
S.W.3d at 381.

            After considering
the entire record and appellants’ briefs, we do not believe that this case
presents egregious circumstances worthy of sanction.

 

 

            We affirm the
trial court’s order.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher.