cv5-024.tbrown.man 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00024-CV







T. Brown Constructors, Inc., Relator



v.



Honorable Mary Pearl Williams, Respondent







ORIGINAL PROCEEDING FROM TRAVIS COUNTY







PER CURIAM


 Relator T. Brown Constructors, Inc. petitions for writ of mandamus to vacate the
district court's order remanding an administrative proceeding under review to the agency and real
party in interest, the Texas Department of Transportation. We will conditionally grant the writ.

 Brown claimed at the administrative level that TxDOT's arbitrary and capricious
actions in fulfilling a road reconstruction contract inflicted $3,775,545 in additional costs upon
Brown. The agency awarded only $56,295.

 Brown sought judicial review of that decision. On August 5, 1994, the district
court reversed the agency's decision and rendered judgment for Brown for $3,318,001.33. 
TxDOT timely moved for rehearing and new trial, contending that the court lacked the power to
render judgment. The court announced orally at a hearing on these motions on November 14,
1994 that it would set aside its August judgment and remand the matter to the agency. The court
did not sign the remand order until January 5, 1995.

 The court signed the remand order after its plenary power had expired. A motion
for new trial or a motion to modify, correct, or reform a judgment is overruled by operation of
law seventy-five days after the judgment is signed. Tex. R. Civ. P. 329b(c). The motion for new
trial was overruled by operation of law on October 19, 1994. In a case with a timely filed motion
for new trial, the court retains plenary power to grant a new trial or to vacate, modify, correct,
or reform the judgment for thirty days after the overruling--whether by written and signed order
or by operation of law--of the timely filed motion. Tex. R. Civ. P. 329b(e). The court's
November 14 oral pronouncement did not set aside the judgment. Rule 329b(c) specifically
requires a written order to grant a new trial or to modify, correct, or reform a judgment during
the seventy-five-day period. Rule 329b(e) is silent on whether a written order is required during
the thirty-day period of plenary power following the seventy-five-day period; the supreme court,
however, in a case with striking procedural similarity, held that the requirement of a written order
extends through the thirty-day period. Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex. 1993). 
The court held that a docket entry noting the oral order did not satisfy the requirement of a written
order. Id. Here, the district court's plenary power expired November 18, 1994. The district
court thus lacked power to sign its remand order forty-eight days later.

 We reject the contention that the court's August order was void and did not trigger
the appellate timetables. TxDOT contends that the August judgment was void for lack of
jurisdiction because the court had no power to reverse and render judgment. See Tex. Gov't Code
Ann. § 2001.174 (West Supp. 1995). The rules of procedure governing post-judgment timetables
do not distinguish among void, voidable, and valid judgments. See Tex. R. Civ. P. 329b; Tex.
R. App. P. 41(a)(1). The signing of the judgment triggered the running of the time periods
regardless of the validity of the judgment. 

 Mandamus is the appropriate remedy in this case. The supreme court concluded
in Faulkner that mandamus was appropriate to vacate a void order that itself purported to vacate
a judgment. Id.; see also Buttery v. Betts, 422 S.W.2d 149, 151 (Tex. 1967) (conditionally
ordering a trial court to set aside a void grant of a motion for new trial). The existence of other
remedies in this type of case is irrelevant. Buttery, 422 S.W.2d at 151. (1)

 Brown's actions do not dissuade us from issuing the writ. TxDOT contends that
Brown's counsel acted improperly by convincing the court that it could reverse and render
judgment and by representing at the November hearing that he would prepare the order vacating
the August judgment. We need not address the correctness of the August judgment to conclude
that we see no indication in the record that Brown's counsel's argument for rendition was
disingenuous. TxDOT was represented at the hearing and had remedies, including appeal, to
address error by the court. Likewise, we see no proof of malfeasance at the November hearing. (2) 
Brown's counsel stated at the January hearing on judgment that he did not realize the necessity
of a written order under rule 329b until December 1994. TxDOT represents that it timely filed
proposed orders on which the trial court did not act; Brown is not responsible for the court's
inaction. TxDOT represents that Brown did not submit its proposed order and objections to
TxDOT's orders until November 21; any action or inaction by Brown after November 18 is
irrelevant because the court's plenary power had expired.

 Issuing the writ would not be, as TxDOT asserts, meaningless. TxDOT asserts that
it has filed an original petition for bill of review imploring the trial court to set aside the August
judgment and to reenter the January judgment. TxDOT contends that the bill will moot any action
we might take here. To the contrary, our conditional grant of the writ will erase the void January
judgment regardless of the outcome of the bill. Our denial of the writ would have great meaning
should the trial court reject the bill because the void January judgment would remain of record.

 The trial court signed the January 5 order after its plenary power expired. The
order is void. We therefore conditionally grant the writ requiring the trial court to vacate its
January 5 order. The writ will issue only if the court does not act in accordance with this opinion.


Before Chief Justice Carroll, Justices Aboussie and Jones

Writ of Mandamus Conditionally Granted

Filed: March 15, 1995

Do Not Publish

1. The irrelevance of other remedies in this type of case is so well established that the
Faulkner court did not even discuss the issue. See 851 S.W.2d at 188-89.
2.   The following exchanges occurred at the November hearing:


THE COURT: Are you willing to try [mediation], counsel. Is the State
willing?


[TxDOT'S COUNSEL]: I've got these problems, Judge. The Court's
plenary jurisdiction runs out the 19th.


THE COURT: The what?


[TxDOT'S COUNSEL]: Plenary jurisdiction of this Court runs out the 19th.


THE COURT: That is serious.


* * *



[BROWN'S COUNSEL]: Because the plenary jurisdiction of the Court is
revoked. So we don't have to rush back to our offices and do this this
afternoon for in the morning.


THE COURT: Probably. That's right. But, okay, I'm going to set it aside. 
But then let's go ahead and finish out what we're going to ask them today so
that it will be a final order or whatever, right?


* * *



[TxDOT'S COUNSEL]: I'll draft the order.


[BROWN'S COUNSEL]: No, you won't. I will draft the order.


[TxDOT'S COUNSEL]: And we object to it.


THE COURT: You all just send me something back. But the court
reporter's got that then.