**Petition for Writ of Mandamus is Conditionally Granted; Opinion Filed March 22, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00062-CV

### IN RE ANTOINE GREEN, Relator

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF10-20865-Y**

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Moseley

Relator filed this mandamus proceeding complaining that the trial court signed (1) an order setting aside a final decree of divorce and (2) a "Clarified Final Decree of Divorce" after its plenary power had expired. We conclude the trial court's orders are void. We therefore conditionally grant the writ of mandamus.

The trial court rendered a final decree of divorce between relator and real party in interest Tifni House-Green on April 18, 2012. On April 20, 2012, real party in interest filed a motion to set aside final decree of divorce and order for additional access. On May 17, 2012, the trial court noted in a docket entry that the motion to set aside and vacate the judgment was granted. However, the trial court did not sign an order to that effect at that time.

On June 22, 2012, real party in interest filed a motion to enter final decree, which requested the trial court to enter a "clarified" decree that real party in interest had attached to the

motion. On December 22, 2012, the trial court signed 1) an order granting real party in interest's motion to set aside the April 18, 2012 decree and 2) a clarified final decree of divorce.

A trial court retains plenary jurisdiction over a case for thirty days after signing the judgment. TEX. R. CIV. P. 329b(d). During those thirty days, any party may file a motion for new trial or motion to modify, correct, or reform a judgment. TEX. R. CIV. P. 329b(a), (g). Here, real party in interest properly filed a motion to set aside the decree on April 20, 2012. This motion was overruled by law seventy-five days after the judgment was signed, which was July 2, 2012. TEX. R. CIV. P. 329b(c). The filing of the motion extended the court's plenary power until thirty days after the motion was overruled by law. TEX. R. CIV. P. 329b(e). In other words, the trial court in this case retained its plenary power until August 1, 2012, which was one hundred and five days after the judgment was signed.

The parties agree the trial court made a docket entry on May 17, 2012, indicating that it had granted the motion to set aside the divorce decree. The judge may have also orally granted the motion. However, neither a docket entry nor an oral ruling, nor both together, constitutes a "written order" for purposes of rule 329b. *See Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding).

Real party in interest argues that the family code contains exceptions to rule 329b, and that the trial court retained jurisdiction to clarify its decree, enforce the division of property made in its decree, or to modify an order providing for the conservatorship, support, or possession of and access to a child. TEX. FAM. CODE ANN. § 9.006 (West 2006); § 156.001 (West 2008). But the changes in this decree included an increase in relator's child support obligation, the removal of the requirement that he provide health insurance, a change in the parties' responsibility for a credit card debt, a change in the manner of payment of spousal support, and a removal of notice and consent forms for international travel with the child. These changes were not a mere

clarification of the original decree or an effort to enforce the original decree's provisions. These were substantial modifications to the terms of the divorce decree.

Moreover, the trial court only had the power to modify the portions of the decree relating to the child if one of the parties filed a suit for modification and showed both a change in intervening circumstances and a need to modify the order in the child's best interest. TEX. FAM. CODE ANN. §§ 156.101, 156.401 (West 2008). The only items filed by real party in interest in this case were the motion to set aside final decree of divorce and order for additional access and the motion to enter final decree. Neither of these motions was sufficient to allow the court to modify the portions of the decree relating to the child, despite its continuing jurisdiction over that issue.

The trial court's plenary jurisdiction expired on August 1, 2012. The orders of December 20, 2012, were void for lack of jurisdiction. Mandamus is appropriate to correct a void order of the trial court, regardless of whether there is an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 603 (Tex. 2000) (orig. proceeding). Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its December 20, 2012 "Order on Motion to Set Aside Order" and "Clarified Final Decree of Divorce."


/Jim Moseley/
_____
JIM MOSELEY
130062F.P05                                              JUSTICE

–3–