COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



CONTINUING ORDER OF ABATEMENT

Appellate case name:      In re Terr'l La'Yonne Mark, Relator

Appellate case number:      01-15-00582-CV

Trial court case number:      14-DCV-214998

Trial court:      505th District Court of Fort Bend County

On July 28, 2016, this Court's Order had abated and remanded this mandamus petition to allow the new respondent, the Honorable David S. Perwin, to rule on the relator's motion to transfer venue, filed under Texas Family Code sections 155.201(a) and 155.204(c). *See* TEX. R. APP. P. 7.2(b). This Court's Order had also directed the district clerk to file a supplemental clerk's record with the respondent's order on the relator's motion within thirty days of that Order. Also, this Court's Order stated that this original proceeding would be reinstated when a compliant supplemental clerk's record, and a supplemental reporter's record, if any, are filed.

On September 2, 2016, the district clerk filed a supplemental clerk's record in this Court containing only a docket sheet, but no written order. The docket sheet contains, among other things, a docket entry, apparently handwritten by the respondent, stating that, after a file review, a hearing was required because a contradicting affidavit was on file. However, this supplemental clerk's record does not comply with this Court's Order because no date was set for the hearing and a docket entry is not a written order. *See, e.g.*, *Faulkner v. Culver*, 851 S.W.2d 187, 188–89 (Tex. 1993) (granting mandamus petition because "a docket entry indicating that such motion [for new trial] was granted cannot substitute for a written order required by Rule 329b.") (citation omitted); *Tex. Workers' Comp. Com'n v. Service Lloyds Ins. Co.*, No. 05–99–00052–CV, 2001 WL 15961, at *9 (Tex. App.—Dallas Jan. 9, 2001, no pet.) (noting that "[a] docket entry is not an order. It does not form a part of the record; it is simply a notation for the clerk's and the court's convenience.") (citations omitted).

Accordingly, the Court sua sponte **lifts** this Court's stay imposed on January 13, 2016, on the underlying trial court proceeding under 14-DCV-214998 in Fort Bend

County, continues to **abate** this original proceeding, and **remands** this mandamus petition for the respondent to enter a written and signed order setting a hearing on the relator's motion to transfer venue or else a written and signed order ruling on the motion. This Court orders the district clerk to file, **within 30 days** of the date of this order, a second supplemental clerk's record with the respondent's written and signed order with the Clerk of this Court. If a hearing is held, the district court shall have a court reporter record the hearing and direct the reporter to file a supplemental reporter's record of the hearing with the Clerk of this Court **within 10 days** of that hearing.

This case is abated, treated as a closed case, and removed from this Court's active docket. This original proceeding will be reinstated on this Court's active docket when a compliant second supplemental clerk's record, and a supplemental reporter's record, if any, are filed. The Court will also consider a motion to reinstate by either party.

It is so ORDERED.

Judge's signature:    /s/ Laura Carter Higley
                               ☒  Acting individually

Date:  November 8, 2016